## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

FORD MOTOR COMPANY

                Plaintiff,

v.

BLUE CROSS BLUE SHIELD OF
MICHIGAN MUTUAL INSURANCE
COMPANY, et al.,

                Defendants.

**Case No. 2:23-CV-11286**

**Judge:  Hon. Linda V. Parker**

**Magistrate Judge:  Hon. Elizabeth A. Stafford**

### DEFENDANT BLUE CROSS BLUE SHIELD ASSOCIATION'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant Blue Cross Blue Shield Association ("BCBSA"), by its undersigned counsel of record, submits this Motion to Dismiss, with prejudice, all claims against it arising from Ford Motor Company's ("Ford") alleged purchase of "administrative services only" ("ASO") products prior to November 2, 2016, as set forth in Ford's complaint (Dkt. 1) (the "Complaint"), pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted.  In support of this motion, BCBSA relies upon the authorities and arguments set forth in the incorporated brief.

As required by Local Rule 7.1(a)(2)(A), BCBSA's counsel conferred with counsel for Ford and explained the nature of the motion and its legal basis and requested, but did not obtain, concurrence in the relief sought.

Dated:  August 24, 2023                    Respectfully submitted,

                                         */s/ Karin A. DeMasi*
                                         Karin A. DeMasi (*admitted in E.D. Mich.*, New York Bar 2831303)
Lauren R. Kennedy (*application for admission pending*, New York Bar 4932851)
David H. Korn (*application for admission pending*, New York Bar 5262902)
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
Tel: (212) 474-1000
Fax: (212) 474-3700
kdemasi@cravath.com
lkennedy@cravath.com
dkorn@cravath.com

Brian C. Summerfield (P57514)
Schenk & Bruetsch PLC
211 West Fort Street
Suite 1410
Detroit, MI 48226
Tel: (313) 774-1000
Brian.summerfield@sbdetroit.com

*Attorneys for Defendant Blue Cross Blue Shield Association*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | |
|---|---|
| FORD MOTOR COMPANY | |
| Plaintiff, | **Case No. 2:23-CV-11286** |
| v. | **Judge:  Hon. Linda V. Parker** |
| BLUE CROSS BLUE SHIELD OF MICHIGAN MUTUAL INSURANCE COMPANY, et al., | **Magistrate Judge:  Hon. Elizabeth A. Stafford** |
| Defendants. | |

<u>**DEFENDANT BLUE CROSS BLUE SHIELD ASSOCIATION'S
BRIEF IN SUPPORT OF ITS MOTION TO DISMISS**</u>

## **TABLE OF CONTENTS**

**Page**

STATEMENT OF ISSUES PRESENTED.................................................... ii

TABLE OF AUTHORITIES ................................................................ iii

CONTROLLING OR MOST APPROPRIATE LEGAL AUTHORITY FOR
RELIEF SOUGHT ..........................................................................v

INTRODUCTION .............................................................................1

FACTUAL BACKGROUND AND PROCEDURAL HISTORY ...........................2

I.      The Blue System......................................................................2

II.     The Antitrust MDL ..................................................................3

III.    ASO Claims...........................................................................4

IV.     The Instant Complaint...............................................................7

LEGAL STANDARD.........................................................................8

ARGUMENT...................................................................................9

I.      Plaintiff's ASO Claims Prior to November 2, 2016 Are Time-Barred
        and Cannot Be Revived by Class Action Tolling. ...........................9

        A.      The Original *Cerven* Complaint Did Not Include ASOs. .................10

        B.      ASO Claims Were Not Added to an MDL Complaint Until the
                Fourth Amended Consolidated Complaint Was Filed on
                November 2, 2020............................................................13

CONCLUSION ...............................................................................14

CERTIFICATE OF COMPLIANCE.......................................................16

CERTIFICATE OF SERVICE..............................................................17

## <u>STATEMENT OF ISSUES PRESENTED</u>

1. Should the Court dismiss Ford's claims stemming from its alleged purchase of ASO products prior to November 2, 2016, as barred by the Clayton Act's four-year statute of limitations?

   **BCBSA's Answer:**  Yes.

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alaska Air Grp., Inc. v. Anthem, Inc.*, No. 2:21-cv-01209-RDP
(N.D. Ala.) Dkt. 268 ................................................................... 12-13

*Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538 (1974) ..........................................10

*Bishop v. Lucent Techs., Inc.*, 520 F.3d 516 (6th Cir. 2008) ...................................8

*Cerven v. Blue Cross & Blue Shield of N.C.*, No. 5:12-cv-00017-
RLV-DCK (W.D.N.C.) ...............................................................................*passim*

*Clark v. Stone*, 998 F.3d 287 (6th Cir. 2021) ..........................................................11

*Crown, Cork & Seal Co., Inc. v. Parker*, 462 U.S. 345 (1983) ..............................10

*Health All. Plan of Mich. v. Blue Cross Blue Shield of Mich. Mut. Ins.
Co.*, No. 14-13788, 2017 WL 1209099 (E.D. Mich. Mar. 31, 2017) .......... 13-14

*Hensler v. Quality Temp. Servs., Inc.*, No. 16-cv-11210,
2016 WL 3137820 (E.D. Mich. June 6, 2016)....................................................8

*Hoover v. Langston Equip. Assocs., Inc.*, 958 F.2d 742 (6th Cir. 1992) ............8, 14

*In re Blue Cross Blue Shield Antitrust Litig. (MDL No. 2406)*,
No. 2:13-cv-20000-RDP (N.D. Ala.) (Proctor, J.) ......................................*passim*

*In re Refrigerant Compressors Antitrust Litig.*, 795 F. Supp. 2d 647
(E.D. Mich. 2011) ...............................................................................................9

*Jones v. Bock*, 549 U.S. 199 (2007) ........................................................................8

*Klehr v. A.O. Smith Corp.*, 521 U.S. 179 (1997) ..............................................9, 13

*Machesney v. Ramsgate Ins., Inc.*, No. 2:13-cv-11804,
2014 WL 2605479 (E.D. Mich. June 10, 2014)................................................10

*Martinez v. W. Ohio Health Care Corp.*, 872 F. Supp. 469 (S.D. Ohio
1994) .................................................................................................................14

*Trane U.S. Inc. v. Meehan*, 563 F. Supp. 2d 743 (N.D. Ohio 2008) ......................14

*Weston v. AmeriBank*, 265 F.3d 366 (6th Cir. 2001) .............................................10

**Statutes & Rules**

15 U.S.C. § 15(b) ........................................................................................2, 9, 13

Fed. R. Civ. P. 12(b)(6) ...................................................................................8

Fed. R. Civ. P. 23(b)(2) ...................................................................................7

Fed. R. Civ. P. 23(b)(3) ...................................................................................7

## <u>CONTROLLING OR MOST APPROPRIATE</u>
## <u>LEGAL AUTHORITY FOR RELIEF SOUGHT</u>

**Page(s)**

**Cases**

*Bishop v. Lucent Techs., Inc.*, 520 F.3d 516 (6th Cir. 2008) .................................8

*Health All. Plan of Mich. v. Blue Cross Blue Shield of Mich. Mut. Ins. Co.*, No. 14-13788, 2017 WL 1209099 (E.D. Mich. Mar. 31, 2017) .......... 13-14

*Hensler v. Quality Temp. Servs., Inc.*, No. 16-cv-11210, 2016 WL 3137820 (E.D. Mich. June 6, 2016) .................................8

*Hoover v. Langston Equip. Assocs., Inc.*, 958 F.2d 742 (6th Cir. 1992) ...........8, 14

*In re Refrigerant Compressors Antitrust Litig.*, 795 F. Supp. 2d 647 (E.D. Mich. 2011) .................................9

*Klehr v. A.O. Smith Corp.*, 521 U.S. 179 (1997) .................................9, 13

*Weston v. AmeriBank*, 265 F.3d 366 (6th Cir. 2001) .................................10

**Statutes & Rules**

15 U.S.C. § 15(b) .................................2, 9, 13

Fed. R. Civ. P. 12(b)(6) .................................8

**INTRODUCTION**

Plaintiff Ford Motor Company ("Ford") is a Michigan-based automobile manufacturer that opted out of a decade-long federal antitrust multidistrict litigation (the "MDL") against Defendant Blue Cross Blue Shield Association ("BCBSA"), Defendant Blue Cross Blue Shield of Michigan ("BCBSM"), and other Blue Cross Blue Shield Plans (together with BCBSM, "Blue Plans", and, collectively with BCBSA, the "Blues"), electing instead to pursue its claims individually.  Ford now brings the instant Complaint alleging two types of federal antitrust claims against Defendants BCBSA and BCBSM:  (i) Sherman Act claims arising from Ford's purchase of Blue health insurance; and (ii) Sherman Act claims arising from Ford's purchase of administrative services only ("ASO") products from certain Blue Plans. For the reasons explained in BCBSM's Motion to Dismiss, which BCBSA incorporates by reference, the Complaint, as Ford has chosen to plead it, fails to state a claim upon which relief may be granted, and all of Ford's claims must be dismissed.  *See generally* BCBSM Mot. Dkt. 19.  However, even if the Court allows the Complaint to proceed, claims related to Ford's alleged purchase of ASO services prior to November 2, 2016, must be dismissed as time-barred under the Clayton Act's four-year statute of limitations.

The instant Complaint, which alleges violations of Section 1 of the Sherman Act, was filed on May 31, 2023.  Although antitrust claims are subject to a strict

four-year statute of limitations, *see* 15 U.S.C. § 15(b), Ford seeks to recover for alleged antitrust injuries suffered as a result of purchases of ASO products dating as far back as 2013—*a decade* before its Complaint was filed.  Ford claims this is proper because (according to Ford) it gets the benefit of class action tolling as a result of the MDL.  However, ASOs and ASO claims were *not* included in an MDL complaint until November 2, 2020, when an amended complaint filed in connection with the settlement of the MDL first asserted claims on behalf of ASO accounts.  As a result, Ford's ASO claims were not tolled until November 2, 2020, and its claims based on alleged purchases of ASO services prior to November 2, 2016, are time-barred and must be dismissed with prejudice.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

### I.    The Blue System

Defendants in this Action are BCBSA and BCBSM.  (Compl. ¶¶ 16-17.) BCBSA owns the rights to the federally-registered Blue trademarks ("Blue Marks") and licenses them to locally operated individual Blue Plans, including BCBSM.  (*Id.* ¶¶ 17, 28.)  These license agreements grant each Blue Plan a license to use the Blue Marks within a defined geographic service area, the Exclusive Service Area ("ESA"), consistent with how the Plans historically operated at common law.  (*Id.* ¶¶ 28, 33; *see also* MDL Dkt. 2933 at 3-5, 11.)  Blue Plans, in turn, contract with

local healthcare providers (hospitals, physicians and other professionals) to offer healthcare benefit products to Blue members.  (*See* Compl. ¶ 53.)

All Blue Plans also participate in national programs like BlueCard, which allows members of one Blue Plan to receive access to in-network treatment in another Blue Plan's service area.  (*See id.* ¶¶ 35-36.)  In order to ensure that Blue Plans focus on promoting and protecting the Blue brand for the benefit of the entire System and all Blue members, each Blue Plan also agreed (i) that at least eighty percent of its revenue from within its ESA ("Local Best Efforts") and (ii) until April 2021, that at least sixty-six and two-third percent of its national revenue ("National Best Efforts") would be derived from services offered under the Blue Marks.  (*Id.* ¶¶ 43-44.)  Ultimately, the Blue System, and the rules underlying it, enable Blue Plans to provide access to nationwide healthcare by providing health insurance coverage and administrative services to millions of people in the United States and to compete with large national health insurers such as Aetna, Cigna and UnitedHealthcare.  (*See id.* ¶¶ 71, 81.)  Importantly, without this system, no Blue Plan alone could offer such coverage or services nationwide as a result of historic common law rights.  (*See* MDL Dkt. 2933 at 9-11.)

## II.   The Antitrust MDL

Starting in 2012, dozens of complaints challenging various Blue rules were filed by subscribers and providers across the country, and were consolidated for

pretrial purposes in the Northern District of Alabama. *In re Blue Cross Blue Shield Antitrust Litig. (MDL No. 2406)*, No. 2:13-cv-20000-RDP (N.D. Ala.) (Proctor, J.). Following consolidation, the MDL proceeded in two tracks:  the Subscriber track (claims by a putative class of *fully-insured* Blue members), and the Provider track (claims by a putative class of various types of hospitals, physicians and other professionals).  In October 2020, the Blues and Subscriber-track plaintiffs reached a class action settlement (MDL Dkt. 2610-2), which the MDL Court preliminarily approved in November 2020 (MDL Dkt. 2641).  The MDL Court entered an order of final approval over the Subscriber settlement on August 9, 2022.  (MDL Dkt. 2931.)

### III.   ASO Claims

On November 2, 2020, in connection with the Subscriber-track settlement, MDL plaintiffs filed the Fourth Amended Consolidated Complaint, asserting for the first time claims on behalf of a putative class of ASO subscribers.  (MDL Dkt. 2616.)  ASO subscribers—also known as "self-funded accounts"—are a specific type of subscriber that self-insure (*i.e.*, they do not purchase insurance), and that purchase certain administrative services, such as claims processing, for a fee.  (Compl. ¶¶ 72-73 ("Self-insurance means Ford assumes the risk and cost of covered medical services used by their covered individuals", while "purchasing ASO services pursuant to which third parties (such as BCBS Licensees) manage the day-to-day

administration of customers' health plans and grant the covered individuals access to their medical provider network(s).").)   This is in contrast to fully-insured subscribers, which "rely on traditional insurance plans" in which "the employer and the employee pay premiums to the insurance provider" to pool risk on behalf of the account.   (*Id.* ¶ 74.)   As Ford's Complaint acknowledges, "[t]he package of ASO services is considered a distinct line of commerce".   (*Id.* ¶ 70.)

Prior to the Fourth Amended Consolidated Complaint, the MDL Subscriber-track complaints asserted claims only on behalf of fully-insured subscribers. (*See Cerven v. Blue Cross & Blue Shield of N.C.*, No. 5:12-cv-00017-RLV-DCK (W.D.N.C.) Dkt. 1; MDL Dkt. 85; MDL Dkt. 244; MDL Dkt. 897; MDL Dkt. 1082; *see also* MDL Dkt. 2812-01 at 95-97 ("None of the underlying state-specific complaints, nor any of the consolidated complaints through the [Third Amended Consolidated Complaint], mentioned ASOs other than to explain why they were not part of the relevant product market at issue at that time in this litigation.").   In contrast to the earlier complaints, the Fourth Amended Consolidated Complaint alleged claims on behalf of "two named plaintiffs that contracted for Administrative Services Only" and asserted "a class action brought on behalf of . . . self-funded accounts of the Individual Blue Plans".   (MDL Dkt. 2616 at 1, ¶ 2.)   It pleaded the proposed injunctive class as, "[a]ll Individual Members, Insured Groups, *Self-Funded Accounts*, and Members that purchased, were covered by, or were enrolled

in a Blue-Branded Commercial Health Benefit Product sold, underwritten, insured, *administered*, or issued by any Settling Individual Blue Plan during the Class Period."  (*Id.* ¶ 317 (emphases added).)  And the proposed damages class contained a self-funded subclass.  (*Id.* ¶ 319.)  This final amendment to the Subscriber-track MDL complaint was necessary "to conform the pleadings to the settlement agreement" because, while the Subscriber settlement included ASOs (MDL Dkt. 2610-2 at ¶¶ 1.v, 1.pp), none of the prior Subscriber-track complaints had asserted claims on behalf of ASOs  (*see* MDL Dkt. 2609 at 1).

Consistent with this, in its Final Approval Order of the Subscriber-track settlement, the MDL Court considered and overruled arguments by certain ASO objectors that the allocation to ASOs in the settlement damages class was too small.[1] The MDL Court held that the much-smaller allocation to ASO subscribers was appropriate because, among other things, ASOs "purchase from a more competitive market than Fully-Insured Subscribers" (MDL Dkt. 2931 at 37), and the original class action complaint ("*Cerven*") "plainly did not contemplate ASOs being part of that case or the relevant class"; as a result, "ASOs cannot get the benefit of the filing date" of the *Cerven* complaint and, therefore, had a much narrower damages period (*id.* at 61).

---

[1] Fully-insured subscribers were allocated 93.5% of the settlement fund, whereas self-funded accounts were allocated 6.5%.  (*See* MDL Dkt. 2931 at 18.)

## IV.    The Instant Complaint

Ford alleges that it is a large-group fully-insured subscriber and purchaser of ASO services that opted out of the Rule 23(b)(3) Subscriber-track settlement class, but that remains a member of the mandatory Rule 23(b)(2) settlement class. (*See* Compl. ¶¶ 6, 78, 123.)  Ford filed the instant Complaint on May 31, 2023 (*id.* at 39), alleging that certain Blue System rules and practices described above are violations of Section 1 of the Sherman Act (*id.* ¶¶ 66, 120).  The Complaint asserts two types of claims.  *First*, Ford asserts claims in its capacity as a fully-insured subscriber of Blue health insurance for alleged overpayment of insurance premiums as a result of the challenged Blue rules.  (*See, e.g.*, *id.* ¶ 7 (noting that Ford purchased "traditional insurance products in which Ford paid a premium in exchange for BCBS Entities insuring employee plan members against the cost of medical care"); *id.* ¶ 10 (seeking to recover "the difference between the supra-competitive *premiums* . . . that Ford was charged as a result of the conspiracy, and what Ford would have paid absent Defendants' anticompetitive conspiracy") (emphasis added).)  Ford alleges that it has purchased fully-insured products from BCBSM and various other Blue Plans "since at least 2009".  (*Id.* ¶¶ 105-106, 108-109, 111-112.)  *Second*, Ford asserts claims in its capacity as a purchaser of administrative services from certain Blue Plans for alleged overpayment of ASO fees.  (*See, e.g.*, *id.* ¶ 7 (noting that Ford also purchased "Administrative Services Only ('ASO') products, whereby Ford

purchased administrative services from BCBS Entities and an account funded by Ford (that is, a self-funded account) paid for or reimbursed the costs of medical care"); *id.* ¶ 10 (seeking to recover "the difference between the supra-competitive . . . *fees* that Ford was charged as a result of the conspiracy, and what Ford would have paid absent Defendants' anticompetitive conspiracy") (emphasis added).)  Ford alleges that it purchased ASO services from BCBSM and another Blue Plan "since on or about 2013".  (*Id*. ¶¶ 107, 110.)  In addition to the aforementioned damages, Ford also seeks unspecified "divisible and individualized injunctive relief that does not infringe on the indivisible injunctive relief previously awarded in the putative subscriber class action settlement in the MDL".  (*Id.* ¶ 123.)

## LEGAL STANDARD

A complaint must be dismissed under Rule 12(b)(6) when it "fail[s] to state a claim upon which relief can be granted".  Among other things, "[d]ismissal under Rule 12(b)(6) is proper when the applicable statute of limitations bars the claim".  *Hensler v. Quality Temp. Servs., Inc.*, No. 16-cv-11210, 2016 WL 3137820, at *2 (E.D. Mich. June 6, 2016) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)).  Dismissal is appropriate if "it is apparent from the face of the complaint that the time limit for bringing the claim has passed".  *Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 520 (6th Cir. 2008) (quoting *Hoover v. Langston Equip. Assocs., Inc.*, 958 F.2d 742, 744 (6th Cir. 1992)).  Where a complaint pleads claims that would be time-

barred in part, those claims should be dismissed insofar as they seek any time-barred relief.  *See, e.g.*, *In re Refrigerant Compressors Antitrust Litig.*, 795 F. Supp. 2d 647, 667 (E.D. Mich. 2011) (granting partial motion to dismiss claims premised on fraudulent concealment outside the statute of limitations).

Here, Ford sues and seeks recovery pursuant to Section 4 of the Clayton Act for alleged violations of Section 1 of the Sherman Act.  (*See* Compl. Sections XII and XIII.)  The Clayton Act has a four-year statute of limitations:  it "forever bar[s]" any claim "unless commenced within four years after the cause of action accrued".  15 U.S.C. § 15(b); *see also Klehr v. A.O. Smith Corp.*, 521 U.S. 179, 189-90 (1997) (at most, an antitrust plaintiff may recover damages for the four-year period prior to when it first filed its claims).

## ARGUMENT

## I.    Plaintiff's ASO Claims Prior to November 2, 2016 Are Time-Barred and Cannot Be Revived by Class Action Tolling.

Ford filed the instant Complaint on May 31, 2023.  (Compl. at 39.)  Therefore, absent some form of tolling, Ford may not recover antitrust damages for injuries that occurred prior to May 31, 2019.  *See* 15 U.S.C. § 15(b); *see also Klehr*, 521 U.S. at 189-90.  Yet Ford seeks to recover damages allegedly resulting from purchases of ASO services made as early as 2013—a decade before its Complaint was filed, and well outside the Clayton Act's four-year statute of limitations.  (Compl. ¶ 107.)  In an attempt to solve its statute of limitations problem, Ford alleges that its claims

were tolled by "one or more class action complaints, including the original *Cerven* complaint, and any amendments thereto" filed in the MDL.  (*Id.* ¶ 114.)  But the 2012 *Cerven* complaint did *not* include ASO products and, therefore, cannot save Ford's time-barred ASO claims.

### A.    The Original *Cerven* Complaint Did Not Include ASOs.

Under the class action tolling doctrine, a statute of limitations that would bar a claim may be tolled during the pendency of a putative class action asserting substantially the same claim.  *See Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 554 (1974); *Crown, Cork & Seal Co., Inc. v. Parker*, 462 U.S. 345, 353-54 (1983).  However, "the statute of limitations for putative class members of the original class is tolled only for substantive claims that were raised, or could have been raised, in the initial complaint".  *Weston v. AmeriBank*, 265 F.3d 366, 368 (6th Cir. 2001).  Where defendant did not "receive[] notice in the original class action complaint" of given claims, the statute of limitations for those claims is not tolled.  *See, e.g.*, *Machesney v. Ramsgate Ins., Inc.*, No. 2:13-cv-11804, 2014 WL 2605479, at *2 (E.D. Mich. June 10, 2014); *see also id.* ("Claims as to which the defendant was not fairly placed on notice by the class suit are not protected under *American Pipe* and are barred by the statute of limitations." (quoting *Crown, Cork & Seal*, 462 U.S. at 355)).  Here, Ford's complaint asserts two distinct sets of claims:  (i) claims in its capacity as a fully-insured subscriber for allegedly inflated insurance premiums (*see,*

*e.g.*, Compl. ¶¶ 7, 10); and (ii) claims in its capacity as a self-funded account for allegedly inflated ASO fees (*see, e.g.*, *id*. ¶¶ 7, 10).   While Ford's fully-insured claims may have been tolled by the *Cerven* complaint,[2] its ASO claims were not.

The *Cerven* complaint was limited to claims on behalf of fully-insured subscribers.   (*See Cerven* Dkt. 1 ¶¶ 20-21.)[3]   The injunction class pleaded in *Cerven* included only entities "*insured by* any health insurance plan" with a Blue.   (*Id*. ¶ 20 (emphasis added).)   Similarly, the damages class included only those who "paid *health insurance premiums* to [a specific Blue Plan] for individual or small group *full-service commercial health insurance*".   (*Id.* ¶ 21 (emphasis added).)   As Ford itself concedes, ASO purchasers are self-insured (Compl. ¶¶ 72-74), which means "they did not buy insurance from the Blues" (MDL Dkt. 2931 at 61).   Indeed, the *Cerven* complaint specifically alleged that ASO products were *not* encompassed by the alleged relevant product market of insured products.   (*Cerven* Dkt. 1 ¶ 129 (distinguishing "fully-insured health insurance" products and "ASO products"), *id*. ¶ 131 ("For the purposes of market division, it is appropriate to consider the

---

[2] Ford admitted it purchased large group insurance (*see* Compl. ¶¶ 69, 106-112), while the damages class in *Cerven* was limited to individual and small group accounts only (*see Cerven* Dkt. 1 ¶ 21).   For purposes of this motion, BCBSA's arguments are limited to Ford's claims related to its ASO purchases.   BCBSA reserves for another day any arguments that Ford's fully-insured claims (including its damages claims) were also not tolled by *Cerven*.

[3] The Court may "take judicial notice of the proceedings of other courts of record".   *Clark v. Stone*, 998 F.3d 287, 297 n.4 (6th Cir. 2021).

individual and small group health insurance product market as distinct from the large group health insurance product market" because "[i]n the former, consumers are largely unable to self-insure and competition is therefore restricted to plans that offer fully-insured health insurance products; in the latter, consumers are able to self-insure and the bulk of competition occurs between firms offering ASO products.").) So, too, here:  Ford alleges that "[t]he package of ASO services is considered a distinct line of commerce".  (*See* Compl. ¶ 70; *see also* generally *id*. ¶¶ 72-74 (distinguishing fully-insured and self-insured).)  Self-funded accounts and claims for ASO fees were simply not part of *Cerven*, which was limited only to claims based on purchase of *insurance* products.

Indeed, the MDL Court expressly considered and rejected the argument that the *Cerven* complaint encompassed ASO claims.  When approving the Subscriber settlement, the MDL Court rejected the argument that the settlement allocation was inequitable because ASOs "should get the benefit of the 2012 filing date in *Cerven*" just like fully-insured subscribers.  (MDL Dkt. 2931 at 60.)  The MDL Court determined that "ASOs are excluded from both the proposed damages and the injunction classes" in *Cerven*, and "[t]he *Cerven* complaint plainly did not contemplate ASOs being part of that case or the relevant class".[4]  (*Id.* at 61.)  The

---

[4] The MDL Judge repeated this finding when other ASO opt outs recently argued that they should receive the benefit of class action tolling based on the *Cerven* complaint.  *See Alaska Air Grp., Inc. v. Anthem, Inc.*, No. 2:21-cv-01209-RDP

original Subscriber-track consolidated class action complaint and the first, second and third amended Subscriber-track complaints likewise did not include claims on behalf of any ASO accounts. (*See* MDL Dkt. 85; MDL Dkt. 244; MDL Dkt. 897; MDL Dkt. 1082.)

**B.    ASO Claims Were Not Added to an MDL Complaint Until the Fourth Amended Consolidated Complaint Was Filed on November 2, 2020.**

Ford's ASO claims were not included in any MDL complaint until the Fourth Amended Consolidated Complaint was filed in connection with settlement of the Subscriber-track of the case. (MDL Dkt. 2616 at 1; *see supra* Section III.) Accordingly, if Ford seeks to get the benefit of tolling based on a class action complaint, this is the earliest (and only) class action complaint it can cite. This complaint was filed on November 2, 2020, meaning—at most—Ford can seek to recover damages for ASO-related injuries that allegedly occurred *after* November 2, 2016 (i.e., four years prior to the filing of the tolling complaint). *See* 15 U.S.C. § 15(b); *see also Klehr*, 521 U.S. at 189-90. The Court should therefore dismiss all ASO claims by Ford based on any alleged injuries occurring prior to this date. *See, e.g.*, *Health All. Plan of Mich. v. Blue Cross Blue Shield of Mich. Mut. Ins. Co.*,

---

(N.D. Ala.) ("*Alaska Air*") Dkt. 232. In rejecting this argument, the MDL Court expressly held that "ASOs cannot get the benefit of the *Cerven* filing date". *Alaska Air* Dkt. 268 at 6; *see also id.* (holding arguments to the contrary "misconstrue the *Cerven* complaint" which "simply gave no notice to Defendants whatsoever that they would have to defend against alleged misconduct in the ASO market").

No. 14-13788, 2017 WL 1209099, at *3 (E.D. Mich. Mar. 31, 2017) (dismissing antitrust claims on a motion to dismiss as outside the statute of limitations); *Trane U.S. Inc. v. Meehan*, 563 F. Supp. 2d 743, 758-59 (N.D. Ohio 2008) (same); *Martinez v. W. Ohio Health Care Corp.*, 872 F. Supp. 469, 471-73 (S.D. Ohio 1994) (same). Furthermore, because no amendment could remedy the untimeliness of Ford's ASO claims, the Court should dismiss such claims with prejudice. *Hoover*, 958 F.2d at 745 (affirming dismissal with prejudice of time-barred claims).

## CONCLUSION

Defendant BCBSA respectfully requests that Ford's entire Complaint be dismissed for the reasons set forth in the accompanying motion and brief filed by Defendant BCBSM. Should the Complaint proceed, however, BCBSA respectfully requests that this Court dismiss with prejudice Ford's ASO claims stemming from injuries that allegedly occurred prior to November 2, 2016.

14

Dated:  August 24, 2023

Respectfully submitted,

*/s/ Karin A. DeMasi*
Karin A. DeMasi (*admitted in E.D. Mich.*, New York Bar 2831303)
Lauren R. Kennedy (*application for admission pending*, New York Bar 4932851)
David H. Korn (*application for admission pending*, New York Bar 5262902)
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
Tel: (212) 474-1000
Fax: (212) 474-3700
kdemasi@cravath.com
lkennedy@cravath.com
dkorn@cravath.com

Brian C. Summerfield (P57514)
Schenk & Bruetsch PLC
211 West Fort Street
Suite 1410
Detroit, MI 48226
Tel: (313) 774-1000
Brian.summerfield@sbdetroit.com

*Attorneys for Defendant Blue Cross Blue Shield Association*

15

## <u>CERTIFICATE OF COMPLIANCE</u>

I, Karin A. DeMasi, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

Respectfully submitted,

*/s/ Karin A. DeMasi*
Karin A. DeMasi (*admitted in E.D. Mich.*,
New York Bar 2831303)
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
Tel: (212) 474-1000
Fax: (212) 474-3700
kdemasi@cravath.com

16

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 24, 2023, the foregoing document was filed with the Clerk of the Court via the Court's e-filing system, which will give notice of such filing to all parties of record.

*/s/ Karin A. DeMasi*
Karin A. DeMasi (*admitted in E.D. Mich.*,
New York Bar 2831303)
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
Tel: (212) 474-1000
Fax: (212) 474-3700
kdemasi@cravath.com
