# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

FORD MOTOR COMPANY

               Plaintiff,

v.

BLUE CROSS BLUE SHIELD OF
MICHIGAN MUTUAL INSURANCE
COMPANY, et al.,

               Defendants.

**Case No. 2:23-CV-11286**

**Judge:  Hon. Linda V. Parker**

**Magistrate Judge:  Hon. Elizabeth A. Stafford**

## DEFENDANT BLUE CROSS BLUE SHIELD ASSOCIATION'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................ ii

PRELIMINARY STATEMENT .........................................................................1

ARGUMENT........................................................................................................2

      I.      Ford's ASO Claims Were Not Tolled by *Cerven*. ...............................2

      II.     Litigation Conduct Is Irrelevant to Tolling. ..........................................4

      III.    Dismissal Is Not Premature. ...................................................................6

CONCLUSION .....................................................................................................7

CERTIFICATE OF COMPLIANCE.....................................................................8

CERTIFICATE OF SERVICE..............................................................................9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abner v. County of Saginaw*,
 496 F. Supp. 2d 810 (E.D. Mich. 2007) ..........................................................3

*Alaska Air Group Inc. v. Anthem Inc.*,
 No. 2:21-cv-01209-RDP (N.D. Ala.), Dkt. 268..............................................4

*Am. Pipe & Constr. Co. v. Utah*,
 414 U.S. 538 (1974).........................................................................................1

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009).........................................................................................6

*Berkery v. Verizon Commc'ns Inc.*,
 658 F. App'x 172 (3d Cir. 2016)......................................................................3

*Cerven et al. v. Blue Cross and Blue Shield of North Carolina et al.*,
 No. 2:12-cv-04169 (N.D. Ala.) ...............................................................*passim*

*Compressor Eng'g Corp. v. Thomas*,
 319 F.R.D. 511 (E.D. Mich. 2016)..................................................................3

*Crown, Cork & Seal Co. v. Parker*,
 462 U.S. 345 (1983).........................................................................................4

*FMC Corp. v. Holliday*,
 498 U.S. 52 (1990)...........................................................................................2

*Guy v. Lexington-Fayette Urb. Cnty. Gov't*,
 488 F. App'x 9 (6th Cir. 2012).........................................................................3

*In re BCBS Antitrust Litig.*,
 Nos. 22-13051, 22-13052, 22-13118, & 22-13120 (11th Cir. Feb. 10,
 2023) ................................................................................................................6

*In re Syntex Corp. Sec. Litig.*,
 95 F.3d 922 (9th Cir. 1996)..............................................................................3

*Klehr v. A.O. Smith Corp.*,
    521 U.S. 179 (1997)......................................................................7

*Machesney v. Ramsgate Ins.*,
    No. 2:13-CV-11804, 2014 WL 2605479 (E.D. Mich. June 10, 2014) ............3

*Metris-Shamoon v. City of Detroit*,
    545 F. Supp. 3d 506 (E.D. Mich. 2021) ........................................................3

*Modern Holdings, LLC v. Corning, Inc.*,
    No. 5:13-cv-00405, 2020 WL 5503994 (E.D. Ky., Sept. 11, 2020)................4

*Potter v. Comm'r of Soc. Sec.*,
    9 F.4th 369 (6th Cir. 2021)...............................................................4

*Supreme Auto Transp., LLC v. Arcelor Mittal USA, Inc.*,
    902 F.3d 735 (7th Cir. 2018)...........................................................3

*Weston v. AmeriBank*,
    265 F.3d 366 (6th Cir. 2001)...................................................... 1, 4

*Wyser-Pratte Mgmt. Co. v. Telxon Corp.*,
    413 F.3d 553 (6th Cir. 2005)...........................................................7

*Zarecor v. Morgan Keegan & Co.*,
    801 F.3d 882 (8th Cir. 2015)...........................................................3

**Statutes & Rules**

15 U.S.C. § 15(b) .............................................................................7

## PRELIMINARY STATEMENT

In order to get the benefit of class action tolling, a plaintiff and its claims must have been included in a prior class action complaint. *Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 554 (1974); *Weston v. AmeriBank*, 265 F.3d 366, 368 (6th Cir. 2001). Ford argues it can meet this standard for claims in its capacity as a purchaser of Administrative Services Only products ("ASO") because—according to Ford— ASOs were included in the 2012 complaint filed in *Cerven et al. v. Blue Cross and Blue Shield of North Carolina et al.*, No. 2:12-cv-04169 (N.D. Ala.) ("*Cerven*"). But the *Cerven* class was expressly limited to those "insured by" the Blues—a definition that excludes ASOs, which are not "insured by" anyone. (*Infra* Section I.) None of the discovery or other case materials from the Blue Cross Blue Shield Antitrust MDL No. 2406 ("MDL")—which Ford takes out of context—changes this dispositive fact. (*Infra* Section II.) Nor can Ford save its time-barred ASO claims by claiming dismissal is premature: courts in this Circuit routinely dismiss time-barred claims where, as here, plaintiff's tolling argument is facially meritless. (*Infra* Section III.)

Ultimately, ASOs were not included in any MDL class definition until the Fourth Amended Consolidated Complaint was filed on November 2, 2020. If Ford wants the benefit of class action tolling, that is the earliest date it can claim. All claims for purchases of ASO products prior to November 2, 2016 are therefore time-barred and should be dismissed with prejudice.

## ARGUMENT

### I.    Ford's ASO Claims Were Not Tolled by *Cerven*.

Ford argues that its ASO claims were tolled by *Cerven*, which asserted a "nationwide injunctive relief class" that, according to Ford, "identified no exclusions". (Opp. at 19.)  But ASOs did not have to be "excluded" from the *Cerven* class definition, because *they were never included in the first place*.

The *Cerven* class encompassed "persons or entities in the [U.S.] who are currently **insured by** any health insurance plan that is currently a party to a license agreement with BCBSA . . .". (*Cerven* Dkt. 1 ¶ 20 (emphasis added).)  On its face, this definition excludes ASOs, which are not "insured by" any carrier (Blue or otherwise), but rather self-insure (*i.e.*, "self-fund") and purchase administrative services only.[1]  (Compl. ¶¶ 72-74; *see also* MDL Dkt. 2931 at 61 ("Those who are Self-Funded are just that—self-funded.  That is, they did not buy insurance from the Blues.  Therefore, under a fair reading of the *Cerven* Complaint, ASOs are excluded from both the proposed damages and the injunction classes."); *FMC Corp. v. Holliday*, 498 U.S. 52, 54 (1990) (a "self-funded" plan "does not purchase an insurance policy from any insurance company"); BCBSA MTD at 11-12.)

This class definition is dispositive.  The Sixth Circuit has instructed that a

---

[1] Ford's focus on the phrase "health insurance plan" (Opp. at 19-20) misses the point. Those are not the words that doom its *Cerven* argument.

class action "only tolls the claims asserted *in the filed class action*".[2] *Guy v. Lexington-Fayette Urb. Cnty. Gov't*, 488 F. App'x 9, 21 (6th Cir. 2012) (emphasis added). Accordingly, courts in this Circuit have correctly declined to apply class action tolling for plaintiffs and claims not encompassed in a prior class definition. *See, e.g.*, *Abner v. County of Saginaw*, 496 F. Supp. 2d 810, 821 (E.D. Mich. 2007) (refusing to apply class action tolling to plaintiffs that did not satisfy the class definition);[3] *Machesney v. Ramsgate Ins.*, No. 2:13-CV-11804, 2014 WL 2605479, at *3 (E.D. Mich. June 10, 2014) ( "[T]he first step is to determine whether [plaintiff's] claims were part of the original class definition . . . and thereby benefit from *American Pipe* tolling."); *cf. Metris-Shamoon v. City of Detroit*, 545 F. Supp. 3d 506, 515-16 (E.D. Mich. 2021) (applying class action tolling after concluding plaintiffs were included in prior class definition); *Compressor Eng'g Corp. v.*

---

[2] Other Circuits agree. *See, e.g.*, *In re Syntex Corp. Sec. Litig.*, 95 F.3d 922, 935-36 (9th Cir. 1996) (rejecting tolling for plaintiffs not included in class action complaint because they were not "asserted class members"); *Berkery v. Verizon Commc'ns Inc.*, 658 F. App'x 172, 174 (3d Cir. 2016) (same); *see also Zarecor v. Morgan Keegan & Co.*, 801 F.3d 882, 888 (8th Cir. 2015) (rejecting tolling for claims not pleaded in class action complaint); *Supreme Auto Transp., LLC v. Arcelor Mittal USA, Inc.*, 902 F.3d 735, 742 (7th Cir. 2018) (rejecting tolling under state antitrust law where plaintiffs "were not asserted members of the class defined in the original complaint and their claims were not encompassed by the original suit").

[3] *Abner* is particularly instructive. There, this court found that the class action complaint tolled the claims of plaintiffs included in the prior class definition (*i.e.*, pre-trial detainees denied modesty gowns) but that "plaintiffs who do not meet this definition are not entitled to tolling". *Abner*, 496 F. Supp. 2d at 821 (rejecting tolling of claims for "post-conviction detainees" and "detainees given gowns").

*Thomas*, 319 F.R.D. 511, 519-20 (E.D. Mich. 2016) (same).[4]

Finally, Ford argues that the MDL court itself "contemplated ASO claims as early as 2012", and thus (according to Ford) denied a similar motion to dismiss ASO claims. (Opp. at 20, 23.) Not so—in fact, the MDL court expressly found the *Cerven* complaint did ***not*** encompass ASOs. (*See Alaska Air Group Inc. v. Anthem Inc.*, No. 2:21-cv-01209-RDP (N.D. Ala.) ("*Alaska Air*"), Dkt. 268 at 5-7 (citing MDL Dkt. 2931).) While the MDL court denied the motion to dismiss, it did so because it was "unable to find any Eleventh Circuit cases" directing when tolling begins.[5] (*Id.* at 11-12.) In this Circuit, the complaint controls. (*Supra* at 3-4 & n.4.)

## II.     Litigation Conduct Is Irrelevant to Tolling.

Ford next argues that the MDL "parties' conduct" somehow "clarified that the

---

[4] Ford's cases likewise hold that courts must look to *the class action complaint* to determine class action tolling. *See Potter v. Comm'r of Soc. Sec.*, 9 F.4th 369, 378 (6th Cir. 2021) (notice to defendants of potential class members' identities is provided by "a class complaint") (quoting *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 353 (1983)); *Weston*, 265 F3d at 368-69 (denying tolling for claims not asserted in complaint); *Modern Holdings, LLC v. Corning, Inc.*, No. 5:13-cv-00405, 2020 WL 5503994, at *3 (E.D. Ky., Sept. 11, 2020) ("[C]ourts must look to the class action complaint to determine if a defendant had sufficient notice of the claims."). For this reason, Ford's assertion (found nowhere in its Complaint) that the MDL "parties have always understood *Cerven* and the MDL to encompass ASO claims" (Opp. at 20) is irrelevant—in addition to being untrue (*see infra* Section II).

[5] The MDL court ultimately concluded that tolling must be an issue of fact. (*Alaska Air*, Dkt. 268 at 12.) Notably, in doing so, the only potential fact-based tolling dates the MDL court pointed to were in 2019 and 2020 (*id.*); *none* was in 2012, as the MDL court had already rejected the *Cerven* date that Ford now presses.

*Cerven* class included ASO claims". (Opp. at 20.)  As an initial matter, "conduct in the MDL litigation" (*id.* at 22) cannot change the scope of a defined class (which, again, is controlled by the complaint).  In any event, Ford misunderstands the MDL.

*First*, Ford argues that in moving to dismiss the first MDL complaint in 2013, MDL defendants "admitted" that the injunctive class included "groups that self-insure". (Opp. at 20.)  Putting aside that this is not what defendants argued,[6] Ford ignores what MDL plaintiffs said in response:  that plaintiffs' complaint specifically alleged facts "justifying *exclusion* of administrative services only (ASO) products". (MDL Dkt. 153 at 11.)  The MDL court, in turn, denied defendants' motion to dismiss.  (MDL Dkt. 204.)  Thus, if the 2013 motion "clarified" anything, it was that *defendants were **not** facing claims from a class including ASOs.*[7]

*Second*, Ford argues that ASOs *must* have been part of the MDL class because certain ASOs were MDL discovery targets.  (Opp. at 20-21.)  Needless to say, ASOs did not magically become part of the *Cerven* class definition simply because some ASOs received non-party discovery.  Nor is it meaningful that certain accounts that purchased ASO products were sometimes referred to as "potential class members"

---

[6] MDL defendants actually argued there was a potential mismatch between the class definition and alleged product market, since the former might include "groups that self-insure".  (MDL Dkt. 120 at 49.)  The MDL court did not credit this argument.

[7] The "December 2022" brief also cited by Ford (Opp. at 21) is the appellate brief of an ASO-objector—*not of BCBSA*—that simply repeats the 2013 motion to dismiss language.  (Opp. Ex. 10 at 9.)

or even "absent class members" in the MDL: some accounts—like Ford itself (Compl. ¶ 7)—purchased *both* insurance products *and* ASO products, making them "potential" or "absent class members" in that former (insured) capacity only.[8]

## III. Dismissal Is Not Premature.

Ford's final argument is that dismissal is premature because "factual questions are present" that "have not been afforded the benefit of discovery". (Opp. at 21-22.) But Ford has raised no such questions of fact. The first "fact" Ford cites is that its "claims are tolled by the parties' conduct in the MDL". (*Id.* at 22.) As set forth above, that is an incorrect legal assertion—not a "fact". *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The second "fact" Ford cites is that it has "suffered continuing violations". (Opp. at 22.) But even if true, that would only entitle Ford to assert a timely claim for damages for the four years prior to its complaint; a continuing

---

[8] Similarly irrelevant to tolling is MDL defendants' assertion that the injunctive relief sought by Subscribers would have "nationwide implications that could impact every Blue subscriber, big and small—including ASO members". (Opp. at 21.) It is plainly true that nationwide injunctive relief can have far-reaching implications, including for non-class members, but that has nothing to do with the class definition for tolling. Tellingly, despite citing multiple documents outside its complaint (*id.* at 20-21), Ford never directs this Court to any of the numerous places where subscriber class counsel—the masters of the MDL complaint—confirmed that their class did **not** include ASOs. (*See* Brief of Plaintiffs-Appellees at 3, *In re BCBS Antitrust Litig.*, Nos. 22-13051, 22-13052, 22-13118, & 22-13120 (11th Cir. Feb. 10, 2023), ECF No. 147 at 3-4 ("Neither *Cerven* nor any of the follow-on suits were brought by or on behalf of a plaintiff who had purchased an ASO product"); *see also* MDL Dkt. 2654 at 69:15-70:2 ("As the Court will recall, our initial complaint did not include ASOs."); MDL Dkt. 2864 at 13:25-16:16; MDL Dkt. 2865 at 134:11-18.)

violation does not extend the damages period under the Clayton Act. *See Klehr v. A.O. Smith Corp.*, 521 U.S. 179, 181 (1997). Ford's final "fact" is its alleged tolling agreement with BCBSM. (Opp. at 22.) But Ford concedes this agreement was not executed until December 2021 (*id.* at 18); at best, such an agreement would toll Ford's ASO claims against BCBSM back to 2017. Because Ford cannot amend around this problem, dismissal with prejudice is appropriate. *See Wyser-Pratte Mgmt. Co. v. Telxon Corp.*, 413 F.3d 553, 566-69 (6th Cir. 2005) (rejecting class action tolling and affirming dismissal); *see also* BCBSA MTD at 13-14.[9]

## CONCLUSION

Defendant BCBSA respectfully requests that, at minimum, this Court dismiss with prejudice Ford's ASO claims prior to November 2, 2016.

Dated: October 12, 2023

Brian C. Summerfield (P57514)
Schenk & Bruetsch PLC
211 West Fort Street
Suite 1410
Detroit, MI 48226
Tel: (313) 774-1000
Brian.summerfield@sbdetroit.com

*Attorneys for Defendant BCBSA*

Respectfully submitted,

*/s/ Karin A. DeMasi*
Karin A. DeMasi (*admitted in E.D. Mich.*, New York Bar 2831303.)
Lauren R. Kennedy (*admitted in E.D. Mich.*, New York Bar 4932851)
CRAVATH, SWAINE & MOORE LLP
825 Eighth Avenue
New York, NY 10019
Tel: (212) 474-1000
kdemasi@cravath.com
lkennedy@cravath.com

---

[9] None of the cases Ford cites for its argument that dismissal is premature (*see* Opp. at 21-22) holds otherwise. These are all cases in which plaintiff raised a legitimate question of fact, such as whether the defendant had concealed information relevant to the equitable tolling analysis.

## <u>CERTIFICATE OF COMPLIANCE</u>

I, Karin A. DeMasi, certify that this document complies with Local Rule

5.1(a), including:  double-spaced (except for quoted materials and footnotes); at least

one-inch margins on the top, sides and bottom; consecutive page numbering; and

type size of all text and footnotes that is no smaller than 10-1/2 characters per inch

(for non-proportional fonts) or 14 point (for proportional fonts).  I also certify that it

is the appropriate length.  (Local Rule 7.1(d)(3).)

Respectfully submitted,


*/s/ Karin A. DeMasi*
Karin A. DeMasi (*admitted in E.D. Mich.*,
New York Bar 2831303)
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
Tel: (212) 474-1000
Fax: (212) 474-3700
kdemasi@cravath.com

8

## CERTIFICATE OF SERVICE

I hereby certify that on October 12, 2023, the foregoing document was filed

with the Clerk of the Court via the Court's e-filing system, which will give notice of

such filing to all parties of record.

> */s/ Karin A. DeMasi*
> Karin A. DeMasi (*admitted in E.D. Mich.*,
> New York Bar 2831303)
> CRAVATH, SWAINE & MOORE LLP
> Worldwide Plaza
> 825 Eighth Avenue
> New York, NY 10019
> Tel: (212) 474-1000
> Fax: (212) 474-3700
> kdemasi@cravath.com