UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FORD MOTOR COMPANY,

    Plaintiff,

v.

BLUE CROSS BLUE SHIELD OF
MICHIGAN MUTUAL
INSURANCE COMPANY and
THE BLUE CROSS BLUE
SHIELD ASSOCIATION,

    Defendants.
_____/

Case No. 23-cv-11286
Honorable Linda V. Parker

## OPINION AND ORDER DENYING MOTION FOR MEDIATION (ECF NO. 37) AND MOTION TO INTERVENE (ECF NO. 40) AND TERMINATING MOVANTS FROM THE DOCKET

On May 31, 2023, Plaintiff Ford Motor Company ("Ford") filed this action against Defendants Blue Cross Blue Shield of Michigan Mutual Insurance Company ("BCBSM") and the Blue Cross Blue Shield Association ("BCBSA") (collectively "BCBS") claiming violations of the Sherman Act, 15 U.S.C. §§ 1-7. Ford alleges that BCBS, as part of a larger conspiracy, has divided territory and fixed prices, while reducing competition and increasing the cost of health services. According to Ford, this has resulted in it being overcharged for the commercial health insurance products it purchased from BCBS entities, including BCBS. The matter is presently before the Court on a motion to intervene and compel

arbitration filed by Felix Brizuela, D.O. (ECF No. 37), and a motion to intervene filed by Neil Anand, M.D. (ECF No. 40). There has been no response to the first motion. The parties oppose the second. (*See* ECF No. 41, 42.)

It is not evident from Dr. Brizuela's motion what, if any, connection he has to Ford. He is not seeking mediation of the matter or issues raised in Ford's Complaint. Instead, Dr. Brizuela complains about "the harm caused by the actions of Blue Cross/blue Shield related to targeting of doctors such as [himself]." (ECF No. 37 at PageID. 1100.) Dr. Brizuela then describes how he has been investigated for healthcare fraud by BCBS and the FBI. (*See generally id.*) He is requesting mediation between himself and BCBS. (*Id.* at PageID. 1106.)

Dr. Anand also was investigated and is being prosecuted by the federal government for engaging in healthcare fraud, as well as distribution of controlled substances, resulting in the suspension of his medical license. (*See* ECF Nos. 41-2; ECF No. 41-4.) Dr. Anand wants to intervene to pursue multiple claims and damages against BCBS. (*See* ECF No. 40 at PageID. 1120.) He has filed several civil lawsuits related to his prosecution, including against Independence Blue Cross ("IBC"), a member of BCBSA and one of the insurers for which he was a participating provider and was believed to be fraudulently billing. *See, e.g.,* Compl., *Anand v. Ehlinger, et al.*, No. 24-cv-2366 (E.D. Pa. filed May 24, 2024), ECF No. 1; Compl., *Anand v. The United States, et al.*, No. 23-cv-02527 (E.D. Pa.

2

filed June 29, 2023), ECF No. 2; Compl., *Anand v. HHS, et al.*, No. 21-cv-1635 (D.D.C. filed June 11, 2021), ECF No. 1; Am. Compl., *Anand v. Indep. Blue Cross*, No. 20-cv-6246 (E.D. Pa. filed Dec. 11, 2020), ECF No. 4.[1]

Pursuant to Federal Rule of Civil Procedure 24(a), a court must permit intervention when the right to do so is provided by a federal statute or the movant "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Pursuant to Rule 24(b), a court may permit intervention where the movant "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B).

A motion to intervene "must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c). The Sixth Circuit interprets Rule 24(a) as setting forth four elements that must be satisfied before intervention as of right will be granted:

> (1) timeliness of the application to intervene, (2) the applicant's substantial legal interest in the case, (3) impairment of the applicant's ability to protect that

---

[1] Dr. Brizuela moved to intervene in this last action, but his motion was denied. *See* Order, *Anand v. Indep. Blue Cross*, No. 20-cv-6246 (E.D. Pa. filed Oct. 18, 2022), ECF No. 61.

>interest in the absence of intervention, and (4) inadequate representation of that interest by parties already before the court.

*Stupak-Thrall v. Glickman*, 226 F.3d 467, 471 (6th Cir. 2000) (quoting *Mich. State AFL-CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir. 1997)); *see also Northland Fam. Plan. Clinic, Inc. v. Cox*, 487 F.3d 323, 343 (6th Cir. 2007) (citing *Grutter v. Bollinger*, 188 F.3d 394, 397-98 (6th Cir. 1999)). "Failure to meet any one of the four criteria will require that the motion to intervene be denied." *Stupak-Thrall*, 226 F.3d at 471 (brackets omitted) (quoting *Grubbs v. Norris*, 870 F.2d 343, 345 (6th Cir. 1989)); *see also Blount-Hill v. Zelman*, 636 F.3d 278, 283 (6th Cir. 2011) (providing that "[e]ach of these elements is mandatory, and therefore failure to satisfy any one of the elements will defeat intervention under the Rule.").

Here, a federal statute does not confer a right upon Dr. Brizuela or Dr. Anand to intervene, and they do not have an interest relating to property or a transaction that is the subject of this action. Nor do they demonstrate that they have "a substantial legal interest in the case" or that any of their interests would be impeded by this action. In fact, their connection to the subject of the lawsuit is wholly unclear, except that they also believe BCBSA, or a BCBSA entity, has engaged in some type of wrongdoing which has harmed them.

Accordingly,

4

**IT IS ORDERED** that Dr. Brizuela's Motion for Mediation (ECF No. 37) and Dr. Anand's Motion to Intervene (ECF No. 40) are **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall terminate Dr. Brizuela and Dr. Anand from the docket.

s/ Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE

Dated: March 19, 2025