UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FORD MOTOR COMPANY,

Plaintiff,

v.

BLUE CROSS BLUE SHIELD OF MICHIGAN MUTUAL INSURANCE COMPANY, *et al.*,

Defendants.

Case No. 23-11286
Honorable Linda V. Parker
Magistrate Judge Elizabeth A. Stafford

**ORDER DENYING DEFENDANTS' MOTIONS TO COMPEL AND FOR LEAVE TO TAKE ADDITIONAL DEPOSITIONS (ECF NOS. 70, 71, 75)**

Four months after the deadline for discovery, Defendants Blue Cross Blue Shield of Michigan Mutual Insurance Company and The Blue Cross Blue Shield Association (collectively, "Blue Cross") moved for leave to take more depositions and to compel Ford to produce additional discovery. ECF No. 70; ECF No. 71; ECF No. 75; *see* ECF No. 63. Blue Cross did not move to modify the scheduling order. The Honorable Linda V. Parker referred these motions to the undersigned for hearing and determination under 28 U.S.C. § 636(b)(1)(A). ECF No. 76. The Court held a hearing on the motions on October 20, 2026. ECF No. 78.

Courts deny motions to compel filed after the close of discovery when the moving party knew about the evidence sought before the discovery deadline, offers no explanation for the delay, and has not moved to modify the schedule. *Pittman v. Experian Info. Sols., Inc.*, 901 F.3d 619, 642–43 (6th Cir. 2018) (collecting cases in which “courts have denied discovery motions filed after the close of discovery” and “[r]eviewing courts have also affirmed the denial of untimely motions to compel.”).

Ford argued in its response brief that Blue Cross’s motions were filed too late. ECF No. 74. But Blue Cross’s reply brief did not address the untimeliness of their motions, so they waived any argument that they could not have known about the evidence they seek to compel until four months after the discovery deadline. ECF No. 77; *Sault St. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1988) (failure to address an issue constitutes a waiver or abandonment of the argument). Besides, Blue Cross did know about that evidence. They acknowledged during the hearing that they knew about (and discussed with Ford) some of the information they now seek as early as October 2024.

Given that admission, Ford would not have been able to show good cause under Federal Rule of Civil Procedure 16(b)(4) had it moved to adjourn the scheduling order. *Hall v. Navarre*, 118 F.4th 749, 754–55 (6th

Cir. 2024). Scheduling deadlines are to be taken seriously and cannot be freely disregarded without burdening opposing counsel and the Court. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) ("A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." (cleaned up)).

Finally, for the reasons stated on the record, Blue Cross failed to convince the Court that the evidence it sought should be compelled under Federal Rule of Civil Procedure 26(b)(1). They sought a substantial amount of additional discovery without showing that "the burden or expense of the proposed discovery outweighs its likely benefit," or that the additional discovery was important for resolving the issues. Rule 26(b)(1). And some of the discovery Blue Cross sought was of tenuous relevance to the central issue, whether Blue Cross violated the Sherman Act.

The Court thus **DENIES** Blue Cross' motions to compel and for leave to take additional depositions. ECF No. 70; ECF No. 71; ECF No. 75.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: October 26, 2026

## NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge. Fed. R. Civ. P. 72(a). The district judge may sustain an objection only if the order is clearly erroneous or contrary to law. 28 U.S.C. § 636. **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."** E.D. Mich. L.R. 72.2.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 26, 2026.

s/Caitlin Shrum
CAITLIN SHRUM
Case Manager