**UNITED STATES DISTRICT COURT FOR**
**THE EASTERN DISTRICT OF MICHIGAN**

FORD MOTOR COMPANY,

Plaintiff,

v.

BLUE CROSS BLUE SHIELD OF MICHIGAN MUTUAL INSURANCE COMPANY,

and

THE BLUE CROSS BLUE SHIELD ASSOCIATION,

Defendants.

Civil Action No.: 2:23-cv-11286-LVP-EAS

District Judge: Hon. Linda V. Parker

Magistrate Judge: Hon. Elizabeth A. Stafford

**DEFENDANTS' OBJECTION TO ORDER DENYING**
**DEFENDANTS' MOTION TO COMPEL**

Defendants Blue Cross Blue Shield of Michigan Mutual Insurance Company ("BCBSM") and Blue Cross Blue Shield Association ("BCBSA") (together, "Defendants"), by their undersigned counsel, submit this objection to Magistrate Judge Stafford's Order Denying Defendants' Motions to Compel and For Leave to Take Additional Depositions, pursuant to 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72. In support of their objection, Defendants rely upon the authorities and arguments set forth in the incorporated brief.

In accordance with E.D. Mich. Local Rule 7.1(a), Defendants' counsel conferred with Ford's counsel to explain the nature and legal basis of this objection. Defendants requested Ford's concurrence in the relief sought herein but did not obtain Ford's concurrence.

Dated: November 9, 2026

Respectfully submitted,

CRAVATH, SWAINE & MOORE LLP
By: /s/ *Karin A. DeMasi*
Karin A. DeMasi (*Adm. in E.D. MI.*, NY Bar 2831303)
Lauren R. Kennedy (*Adm. in E.D. MI.*, NY Bar 4932851)
Hannah L. Dwyer (*Adm. in E.D. MI.*, NY Bar 5711841)
Two Manhattan West
375 Ninth Avenue
New York, NY 10001
(212) 474-1000
kdemasi@cravath.com
lkennedy@cravath.com
hdwyer@cravath.com

SCHENK & BRUETSCH PLC
Brian C. Summerfield (P57514)
211 West Fort Street
Suite 1410
Detroit, MI 48226
(313) 774-1000
brian.summerfield@sbdetroit.com

*Attorneys for Defendant Blue Cross Blue Shield Association*

BODMAN PLC
By: /s/ *Alexandra C. Markel*
Alexandra C. Markel (P81705)
Sarah L. Cylkowski (P75952)
1901 St. Antoine Street
6th Floor at Ford Field
Detroit, MI 48226
(313) 393-7511
amarkel@bodmanlaw.com
scylkowski@bodmanlaw.com

ALLEN OVERY SHEARMAN STERLING US LLP
Todd M. Stenerson (P51953)
Brian C. Hauser (*Adm. in E.D. MI*, D.C. Bar 1024406)
1101 New York Avenue, NW
Washington, D.C. 20005
(202) 508-8000
todd.stenerson@aoshearman.com
brian.hauser@aoshearman.com

Rachel Mossman Zieminski (*Adm. in E.D. MI*, TX Bar 24131967)
2601 Olive Street, Suite 1700
Dallas, TX 75201
(214) 271-5777
rachel.zieminski@aoshearman.com

Susan Loeb (*Adm. in E.D. MI*, NY Bar 5570940)

Sophie Copenhaver (*Adm. in E.D. MI*, NY Bar 6004766)
599 Lexington Avenue
New York, NY 10022-6069

(212) 848-4000
susan.loeb@aoshearman.com
sophie.copenhaver@aoshearman.com

*Attorneys for Defendant Blue Cross Blue Shield of Michigan Mutual Insurance Company*

**UNITED STATES DISTRICT COURT FOR**
**THE EASTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| FORD MOTOR COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>BLUE CROSS BLUE SHIELD OF MICHIGAN MUTUAL INSURANCE COMPANY,<br><br>and<br><br>THE BLUE CROSS BLUE SHIELD ASSOCIATION,<br><br>Defendants. | Civil Action No.: 2:23-cv-11286-LVP-EAS<br><br>District Judge: Hon. Linda V. Parker<br><br>Magistrate Judge: Hon. Elizabeth A. Stafford |

**DEFENDANTS' BRIEF IN SUPPORT OF OBJECTION TO ORDER**
**DENYING DEFENDANTS' MOTION TO COMPEL**

# TABLE OF CONTENTS


STATEMENT OF ISSUES PRESENTED .......................................................iii

CONTROLLING OR MOST RELEVANT AUTHORITIES .............................iv

TABLE OF AUTHORITIES.............................................................................v

INTRODUCTION ............................................................................................1

BACKGROUND AND PROCEDURAL HISTORY .........................................3

LEGAL STANDARD ......................................................................................5

ARGUMENT ...................................................................................................7

I. THE MOTION TO COMPEL ORDER ERRED IN FINDING DEFENDANTS' MOTION UNTIMELY .....................................................7

A. Defendants Timely Sought Leave Before the Close of Discovery......8

B. Defendants Addressed the Timing of the Motion in Their Opening Motion and Reply and Did Not Waive Their Right to Relief............10

C. Defendants Diligently Pursued Discovery and Properly Waited For Ford's Productions Before Bringing Disputes to the Court...............11

II. THE MTC ORDER ERRED BY DENYING DEFENDANTS' MOTION ON THE MERITS ...........................................................................13

A. The MTC Order Applies an Erroneous Legal Standard ....................13

B. Defendants are Entitled to Demmy McBride's Custodial Documents and Testimony ...........................................................................15

C. Defendants are Entitled to Post-2023 Documents Because Their Relevance Was Acknowledged .........................................................18

D. Defendants are Entitled to Depose Ford's Remaining Trial Witnesses Under Rule 30(a)(2)...........................................................20

CONCLUSION ..............................................................................................23

## STATEMENT OF ISSUES PRESENTED

1. Should the Court set aside and modify the Court's order denying Defendants' motion to compel and leave to take additional depositions to hold that Defendants' motion was timely because Defendants diligently pursued discovery, Defendants sought leave to file the motion before the close of fact discovery, and this Court granted that leave and set a briefing schedule?

   **Defendants' Answer: Yes.**

2. Should the Court set aside and modify the Court's order denying Defendants' motion to compel and leave to take additional depositions because it applied an erroneous legal standard under Rule 26(b)(1) to and found relevant (1) the documents and deposition testimony of Demmy McBride and (2) documents responsive to Request for Production No. 53 regarding events post-dating December 31, 2023?

   **Defendants' Answer: Yes.**

3. Should the Court set aside and modify the Court's order denying Defendants' motion to compel and leave to take additional depositions because it failed to apply the Rule 30(a)(2) standard and permit Defendants to depose, before trial, the remaining five Ford employees identified as witnesses Ford may call upon at trial on Ford's Expert and Lay Witness List (ECF No. 58), if they remain on Ford's final trial witness list, to obtain unique, relevant information and to avoid surprise and undue prejudice at trial?

   **Defendants' Answer: Yes.**

## CONTROLLING OR MOST RELEVANT AUTHORITIES

*Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564 (1985)

*Heights Cmty. Cong. v. Hilltop Realty, Inc.*, 774 F.2d 135 (6th Cir. 1985)

*Heid v. Mohr*, 2021 WL 1206525 (S.D. Ohio Mar. 31, 2021)

*In re Chrysler Pacifica Fire Recall Prods. Liab. Litig.*, 737 F. Supp. 3d 611 (E.D. Mich. 2024)

*Langenfeld v. Armstrong World Indus., Inc.*, 299 F.R.D. 547 (S.D. Ohio 2014)

*Vasquez v. Ind. Univ. Health*, No. 1:21-cv-01693, 2023 WL 4466382 (S.D. Ind. July 10, 2023)

# TABLE OF AUTHORITIES

**Cases**

*Anderson v. City of Bessemer City, N.C.*,
470 U.S. 564 (1985) ........................................................................6

*Dobbs v. Jackson Women's Health Org.*,
597 U.S. 215 (2022) ........................................................................18

*EMW Women's Surgical Ctr. v. Friedlander*,
978 F.3d 418 (6th Cir. 2020) ..........................................................18

*Hall v. Navarre*,
118 F.4th 749 (6th Cir. 2024)..........................................................9

*Heid v. Mohr*, No. 2:18-cv-311,
2021 WL 1206525 (S.D. Ohio Mar. 31, 2021)..............................14, 19

*Heights Cmty. Cong. v. Hilltop Realty, Inc.*,
774 F.2d 135 (6th Cir. 1985) ..........................................................6

*House v. City of Howell*, No. 20-cv-10203,
2022 WL 287923 (E.D. Mich. Jan. 31, 2022). ...................................6

*In re Chrysler Pacifica Fire Recall Prods. Liab. Litig.*,
737 F. Supp. 3d 611 (E.D. Mich. 2024)...................................7, 10, 14

*In re Heparin Prods. Liab. Litig.*,
273 F.R.D. 399 (N.D. Ohio 2011) ...................................................15

*Johnson v. Conn. Gen. Life Ins. Co.*,
324 F. App'x 459 (6th Cir. 2009) ....................................................17

*Jones v. Allen*,
933 F. Supp. 2d 1020 (S.D. Ohio 2013) ..........................................17

*Langenfeld v. Armstrong World Indus., Inc.*,
299 F.R.D. 547 (S.D. Ohio 2014)....................................................14

*Pittman v. Experian Info. Sols., Inc.*,
901 F.3d 619 (6th Cir. 2018) ..........................................................9

*Vasquez v. Ind. Univ. Health*, No. 1:21-cv-01693,
2023 WL 4466382 (S.D. Ind. July 10, 2023) ....................................22

**Rules**

Fed. R. Civ. P. 26(b)(1) ....................................................................7, 13, 14, 22

Fed. R. Civ. P. 30(a)(2)........................................................................7, 20, 22

Fed. R. Civ. P. 37(d) ...............................................................................18

Fed. R. Civ. P. 72(a) ...............................................................................6

**Statutes**

28 U.S.C. § 636(b)(1)(A) ........................................................................1

28 U.S.C. § 636(b)(1)(B) ......................................................................1, 5

28 U.S.C. § 636(b)(1)(C) ........................................................................6

# INTRODUCTION

Defendants Blue Cross Blue Shield of Michigan Mutual Insurance Company ("BCBSM") and the Blue Cross Blue Shield Association ("BCBSA") (together, "Defendants") respectfully object to Magistrate Judge Stafford's Order Denying Defendants' Motions to Compel and For Leave to Take Additional Depositions (the "MTC Order"). Defendants have taken a diligent, principled approach to discovery in this case—one that has been judicious with the Court's resources and prevented needless motions. From the outset, Defendants worked with Ford to narrow and resolve the vast majority of the parties' discovery issues *without the need to file any discovery motions*. Those efforts were fruitful—they narrowed the scope of discovery and the scope of Ford's own case. In the end, and after Defendants reviewed the material Ford produced, only four disputes required motion practice, and Defendants faithfully followed the Court's procedures to address them.

This Court referred Defendants' motion for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), which is subject to *de novo* review by this Court. ((ECF No. 76) (the "Referral Order").) However, the Magistrate Judge issued the MTC Order, stating that the motion was referred under 28 U.S.C. § 636(b)(1)(A) (ECF No. 90 at PageID.11898), and directed Defendants object under Fed. R. Civ. P. 72(a)'s clearly erroneous or contrary to law standard of review. (*Id.*at PageID.11901.) Accordingly, it is Defendants' position that the MTC Order does not comply with this Court's directive to issue a report and

recommendation and is subject to *de novo* review. However, in compliance with the MTC Order, Defendants also present their arguments under the clearly erroneous and contrary to law standard as ordered in the MTC Order. As Defendants meet both the more stringent "clearly erroneous and contrary to law" and the less deferential "*de novo*" standard, the MTC Order should be modified. Yet, as Defendants only need to meet the *de novo* standard under the Referral Order, this Court should set aside the MTC Order unless it independently determines, under *de novo* review, that the MTC Order reached the correct result.

The MTC Order erred in holding that Defendants' motion was untimely because it was filed after the discovery deadline. It was not. Defendants raised the disputes with this Court's chambers on March 13, 2026—before the March 31, 2026 close of fact discovery—seeking leave to file their motion, as this Court's practice guidelines require. This Court then held a status conference, granted the requested leave and set a briefing schedule. Defendants filed on that schedule. A motion filed with the Court's leave, on the Court's schedule, requested before the discovery deadline, is not untimely. Nor did Defendants waive their timeliness arguments.

Similarly, the MTC Order's reasoning on the merits is clearly erroneous. First, all of its analysis rests on an inverted legal standard. It faulted Defendants for not "showing that 'the burden or expense of the proposed discovery outweighs its likely benefit,'" rather than requiring *Ford* to make that showing. Further, the Court acknowledged discovery sought from Ford's executive, Demmy McBride,

and documents after Ford's unilateral time period cutoff were relevant, then denied Defendants' motion to compel that discovery without any further analysis as to the merits. Finally, the MTC Order denied leave to depose the five Ford employees on Ford's trial witness list without applying the standard Rule 30(a)(2) requires.

Defendants have narrowed the relief they seek in this objection[1] and granting it would not disrupt the schedule. Respectfully, this Court should modify the MTC Order because it is contrary to law and clearly erroneous, and grant the narrowed relief requested below.

## BACKGROUND AND PROCEDURAL HISTORY

Defendants have pursued discovery diligently and cooperatively since April 2024. Ford, however, has consistently delayed in making its productions. As both parties noted during the motion to compel hearing, the parties cooperated throughout years of discovery without the need for motion practice. (ECF No. 91, PageID.11906, at 11906:12–14; *id.* at PageID.11914–15, at 11914:24–15:1.) Those efforts overwhelmingly worked, and the parties had only four discrete disputes to bring before this Court.

---

[1] While this objection focuses on discovery related to Ms. McBride, the post-2023 period, and the depositions of Ford's remaining trial witnesses, Defendants continue to believe that all discovery requested in their motion to compel, including Defendants' request for Ford's trademark-related discovery, is relevant, proportional, and timely, and that the motion should be granted in its entirety. However, to address the Court's concern that granting this discovery may disrupt the case schedule, Defendants have narrowed the relief requested in this objection.

Defendants took that measured approach to the issues presented in their motion to compel. Ford produced nearly half of its documents in October and November 2025. (*Id.* at PageID.11918, at 11918:5–6.) Defendants reasonably waited to bring any issues to this Court that might be mooted by Ford's productions until Ford confirmed its document production was complete, which Ford did not do until March 6, 2026 after repeated requests. (ECF No. 71-22, PageID.4533, Ford Email to BCBSM (Mar. 6, 2026).) Within seven days of Ford's confirmation, Defendants promptly assessed the full and final production and sought leave to file their motion to compel once it was clear gaps remained. Even then, Defendants continued to narrow their requests in an attempt to proceed without the need for the Court's intervention. (ECF No. 71-23, PageID.4538–39, BCBSM Letter to Ford (Mar. 9, 2026); ECF No. 71-33, PageID.4654, BCBSM Letter to Ford (June 26, 2026).)

The parties had an agreed-upon February 5, 2026 deadline to raise discovery disputes, but at Ford's request, the parties deferred that deadline. (ECF No. 71-31, PageID.4645, Ford Letter to BCBSM (Feb. 11, 2026); ECF No. 71-23, PageID.4537, BCBSM Letter to Ford (Mar. 9, 2026).) On March 13, 2026—before the March 31, 2026 fact discovery deadline—the parties alerted the District Court's chambers to these four issues, and Defendants sought leave to file a motion to compel, as the District Court's practice guidelines require. (ECF No. 71-32, PageID.4649–51, Joint Submission to Court (Mar. 13, 2026).)

While waiting for the Court to respond, the parties were taking depositions and Defendants continued attempting to resolve the issues. When the parties were unable to do so, they followed up with the Court on July 9, 2026, and had a status conference with the Court on July 23, 2026. (Minute Entry, July 23, 2026.) At that conference, the Court acknowledged that Defendants' request to file a motion to compel had been pending; directed both parties to address Ms. McBride's alleged conflict of interest in their briefing, including Ford's authority supporting its position; and set a briefing schedule. Defendants filed their motion on August 6, 2026. (ECF No. 71, PageID.4291.)

The motion to compel was referred for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) (ECF No. 76), the Magistrate Judge heard argument on October 22, 2026,[2] and denied the motion to compel from the bench "primarily because of the lack of diligence." (ECF No. 91, PageID.11950, at 11950:22–23.) The Magistrate Judge did not issue a report and recommendation. Instead, she issued the MTC Order on October 26, 2026. (ECF No. 90, PageID.11898.)

## LEGAL STANDARD

"Sixth Circuit cases that address this issue agree that courts can refer a motion of a type not identified in § 636(b)(1)(B) to a magistrate judge for an

[2] The MTC Order states that the hearing was held on October 20, 2026. (ECF No. 90, PageID.11898.) The hearing took place on October 22, 2026. (ECF No. 91, PageID.11902.)

R&R, to be reviewed *de novo*, rather than for an Order, to be reviewed for clear error or contradiction of law." *House v. City of Howell*, No. 20-cv-10203, 2022 WL 287923, at *2 (E.D. Mich. Jan. 31, 2022). As that is what the Court chose to do here, 28 U.S.C. § 636(b)(1)(C) sets the applicable standard of review: "A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions."

Under Federal Rule of Civil Procedure 72(a), the district judge must "modify or set aside any part of [a magistrate judge's non-dispositive] order that is clearly erroneous or is contrary to law." A finding is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573 (1985) (citation and internal quotations omitted). "[T]he test is whether there is evidence in the record to support the lower court's finding, and whether its construction of that evidence is a reasonable one." *Heights Cmty. Cong. v. Hilltop Realty, Inc.*, 774 F.2d 135, 140 (6th Cir. 1985). An order is likewise clearly erroneous or contrary to law where the magistrate judge "improperly applies the law or employs an erroneous

legal standard." *In re Chrysler Pacifica Fire Recall Prods. Liab. Litig.*, 737 F. Supp. 3d 611, 615 (E.D. Mich. 2024) (citations omitted).

During discovery, parties are entitled to obtain discovery regarding any nonprivileged matter that is "relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Rule 30(a)(2) provides that the court "must grant leave to the extent consistent with Rule 26(b)(1) and (2)." Fed. R. Civ. P. 30(a)(2).

## **ARGUMENT**

### I. THE MOTION TO COMPEL ORDER ERRED IN FINDING DEFENDANTS' MOTION UNTIMELY.

Defendants' motion was timely. Defendants sought leave to file their motion before discovery closed as required by this Court's practice guidelines, (ECF No. 71-32, PageID.4649–51, Joint Submission to Court (Mar. 13, 2026); Judge Linda V. Parker, Practice Guidelines: Civil Cases: Discovery, Section B (E.D. Mich.)), and this Court granted leave to Defendants to file and set a briefing schedule. (Minute Entry, July 23, 2026.) At the July 23, 2026 conference, this Court acknowledged that the request had been pending since March 13, 2026 and stated that it would address it as soon as it could. To grant leave to file, set a

briefing schedule, and then deny the motion as untimely would completely contravene the efficiency purpose of the Court's leave requirement and cause undue prejudice to Defendants' defense. The MTC Order's failure to acknowledge or address this Court's grant of leave to file, and its punishment of Defendants for following this Court's rules, is clear error and contrary to law and should not stand under *de novo* review.

Despite the fact that Defendants included these key procedural details explaining why Defendants filed their motion on August 6, (ECF No. 71, PageID.4304–08), the MTC Order focused its denial on the timing of Defendants' motion, rather than its merits. Each of its findings related to Defendants' timeliness and diligence is in error and is not a basis to deny Defendants' motion under either standard.

**A. Defendants Timely Sought Leave Before the Close of Discovery**.

The MTC Order first notes that: "Courts deny motions to compel filed after the close of discovery when the moving party knew about the evidence sought before the discovery deadline, offers no explanation for the delay, and has not moved to modify the schedule." (ECF No. 90, PageID.11899.) This is in error and this Court should re-examine it anew because the MTC Order's premise that Defendants moved "[f]our months after the deadline for discovery" completely ignores that Defendants filed when they did because they were awaiting this Court's review of their request for leave. (*Id.* at PageID.11898.) Nowhere does

the MTC Order address why, despite the fact that this Court granted Defendants leave to file, it nevertheless found the motion untimely.

The cases on which the MTC Order relies are inapposite: all involve circumstances where parties moved to compel long after discovery closed with no prior warning and without justification. None involved the need to seek leave from the Court or a party that diligently pursued discovery. In *Pittman v. Experian Info. Sols., Inc.*, 901 F.3d 619, 642–43 (6th Cir. 2018), the movant did not diligently pursue discovery and filed months after the deadline without having raised the dispute with the court. Similarly, in *Hall v. Navarre*, 118 F.4th 749, 754–55 (6th Cir. 2024), the plaintiff raised no concerns before discovery closed, waited until summary judgment motions were filed to seek relief, and could not explain what additional discovery he needed, while the defendants had complied with the discovery requests at issue.

Those cases are completely distinguishable from the facts here, where, under this Court's practice guidelines, Defendants could not file a motion to compel without leave, which Defendants sought on March 13, 2026—before the March 31, 2026 close of fact discovery. (ECF No. 71-32, PageID.4649–51, Joint Submission to Court (Mar. 13, 2026).) The MTC Order's decision to deny the motion as untimely without addressing the undisputed circumstances that led to the timing of this motion was clear error, contrary to law, and must be set aside. Under *de novo* review, this Court should not deny a motion as untimely that it permitted Defendants to file.

### B. Defendants Addressed the Timing of the Motion in Their Opening Motion and Reply and Did Not Waive Their Right to Relief.

The MTC Order further holds that Defendants' reply did not address the "untimeliness" of their motion and that Defendants therefore waived any argument that Defendants were not aware of the discovery before the deadline. (ECF No. 90, PageID.11899.) This is in error and should be independently reviewed because Defendants did address timeliness: their opening brief's procedural background set out the timeline and why the motion was filed when it was, and their reply explained that the motion was not untimely and that any delay occurred from Ford hindering discovery. (ECF No. 71, PageID.4304–08; ECF No. 77, PageID.5284, 5290.) Any finding that Defendants waived their defense to Ford's timeliness argument is therefore demonstrably incorrect. *See In re Chrysler Pacifica*, 737 F. Supp. 3d at 615 ("A decision is 'clearly erroneous' . . . where the magistrate judge improperly applies the law or employs an erroneous legal standard.") (citations omitted).

Moreover, the holding that Defendants "waived any argument that they could not have known about the evidence they seek to compel until four months after the discovery deadline," makes no sense under these circumstances. (ECF No. 90, PageID.11899.) Defendants affirmatively took the position that they *were* aware of the dispute before the discovery deadline, as was Ford, which is why they asked the Court *before* the discovery deadline to resolve it. To ignore when Defendants actually raised their dispute and then require them to make arguments

that would be clearly at odds with the facts necessary to achieve the relief they seek is additional error and should be set aside as clear error or under *de novo* review.

**C. Defendants Diligently Pursued Discovery and Properly Waited For Ford's Productions Before Bringing Disputes to the Court.**

The MTC Order further holds that Defendants knew about some of the disputed evidence in 2024 and therefore even if Defendants sought an extension of the schedule, they would not have been able to show good cause.[3] (ECF No. 91, PageID.11951–52, at 11951:25–52:4; *id.* at PageID.11952, at 11952:14–17; *id.* at PageID.11955, at 11955:17–24; ECF No. 90, PageID.11899–900.) On the record, the Court held that it was denying the motion "primarily because of the lack of diligence." (ECF No. 91, PageID.11950, at 11950:22–23.) This is an error and should be re-examined for several reasons.

First, Defendants made no such acknowledgment. Defendants' counsel explained that Ford first definitively refused to produce Ms. McBride in October 2025, while stating that it would move for a protective order—which it never did. (*Id.* at PageID.11918, at 11918:15–21.) The October 2024 date came from Ford's counsel, not Defendants. (*Id.* at PageID.11914, at 11914:3–10; *id.* at PageID.11916, at 11916:22–25.)

[3] Note that the MTC Order has a clerical error and states that Ford would not have been able to show good cause to extend the schedule, but Defendants understand this to mean "Defendants." (ECF No. 90, PageID.11899).

Second, even if Ford previewed some of its positions when Defendants first issued discovery, the disputes were not ripe at that time. Defendants' approach to discovery was measured and designed to gather the evidence Defendants require to defend themselves while working in good faith with Ford and minimizing the burden on the Court. Defendants issued discovery requests, engaged in extensive meet and confers to narrow them, and reasonably waited to review the material Ford produced before addressing any potential deficiencies with the Court. Ford delayed the bulk of its production until near the very end of the discovery period. Indeed, Ford did not confirm that its document production in response to requests issued in May and October of 2024 was complete until March 6, 2026, just 25 days before the close of fact discovery, producing two productions totaling nearly 10,000 pages in the week before it certified completion.[4] Once produced, Defendants reviewed the productions, identified relevant witnesses for deposition and material that was still needed from Ford to support Defendants' defenses, including some material Defendants requested in September 2025 that Ford refused to produce.

Defendants raised the concerns addressed in the motion as promptly as they could, met and conferred with Ford, and offered compromises on every issue

---

[4] ECF No. 71-2, PageID.4333, 4344, BCBSM First Requests for Production to Ford (May 30, 2024); ECF No. 71-3, PageID.4349, 4373, BCBSM Second Requests for Production to Ford (Oct. 30, 2024); ECF No. 71-22, PageID.4533, Ford Email to BCBSM (Mar. 6, 2026); ECF No. 71-23, PageID.4538, BCBSM Letter to Ford (Mar. 9, 2026).

presented herein, including offers of shorter and conditional depositions and significantly narrowed document productions.[5] Ford rejected each of those offers.

Finally, Defendants sought no new discovery, and all disputes were before the Court ahead of the discovery deadline.

## II. THE MTC ORDER ERRED BY DENYING DEFENDANTS' MOTION ON THE MERITS.

### A. The MTC Order Applies an Erroneous Legal Standard.

The MTC Order devotes only one paragraph to Defendants' substantive arguments. It states that for "the reasons stated on the record" at the October 22 hearing, "Blue Cross failed to convince the Court that the evidence it sought should be compelled under Federal Rule of Civil Procedure 26(b)(1). They sought a substantial amount of additional discovery without showing that 'the burden or expense of the proposed discovery outweighs its likely benefit,' or that the additional discovery was important for resolving the issues. Rule 26(b)(1)." (ECF No. 90, PageID.11900.)

In doing so, it applied an improper version of Rule 26(b)(1) , faulting Defendants for failing to show "that 'the burden or expense of the proposed discovery outweighs its likely benefit.'" (*Id.*) That burden is Ford's, not Defendants'. Defendants are not required to carry the burden side of the analysis

---

[5] ECF No. 71-20, PageID.4521–23, BCBSM Letter to Ford (Feb. 26, 2026); ECF No. 71-23, PageID.4538–39, BCBSM Letter to Ford (Mar. 9, 2026); ECF No. 71-33, PageID.4654, BCBSM Letter to Ford (June 26, 2026).

at all. Requiring the movant to show that burden outweighs the benefit would force the movant to prove that its motion should be denied. Respectfully, that rule of law would be nonsensical, and no motion to compel could ever be granted. The Defendants' position is that the relevance and benefit of the discovery sought is proportional to the needs of the case. Indeed, "[t]he proponent of a motion to compel discovery bears the initial burden of proving that the information sought is relevant. If the movant makes this showing, then the burden shifts to the non-movant to show that to produce the information would be unduly burdensome." *Heid v. Mohr*, No. 2:18-cv-311, 2021 WL 1206525, at *2 (S.D. Ohio Mar. 31, 2021) (cleaned up); *see also* Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2015 amendment (a party claiming undue burden or expense "ordinarily has far better information—perhaps the only information—with respect to that part of the determination"). Neither the MTC Order nor the hearing record addresses whether or how Ford met that burden. The MTC Order thus employed an erroneous legal standard.

Applying the wrong legal standard to a legal question is contrary to law and this alone should sustain this objection. *See In re Chrysler Pacifica Fire Recall Prods. Liab. Litig.*, 737 F. Supp. 3d at 616 (setting aside magistrate judge's order as "clearly erroneous" for applying the wrong legal standard); *Langenfeld v. Armstrong World Indus., Inc.*, 299 F.R.D. 547, 550, 554–55 (S.D. Ohio 2014) ("The district judge must consider those objections and 'modify or set aside any part of the order that is clearly erroneous or is contrary to law'" and setting aside

magistrate judge's order as contrary to law). As discussed below, analyzing the issues under the correct standard (whether pursuant to *de novo* review or to correct the MTC Order's clear error) mandates the production of the discovery Defendants seek.

As to Ford's "burden," as discussed below, any claimed burden is more than proportional to the damages Ford seeks and is self-inflicted given Ford's refusal to negotiate the scope of the requests.[6]

### B. Defendants are Entitled to Demmy McBride's Custodial Documents and Testimony.

The MTC Order was clearly erroneous in denying discovery from Ms. McBride because the Court acknowledged that Demmy McBride has relevant evidence. Defendants[7] are entitled to her documents and testimony because there is no conflict of interest barring her discovery. Whether reviewed de novo or for clear error, the MTD Order should be modified by this Court.

As set out in Defendants' motion to compel, Ms. McBride is Ford's senior-most health benefits executive, led Ford's engagement of consultants Willis Towers Watson and Mercer in 2021 as well as 2025 to assess Ford's health benefit

---

[6] A party that stonewalls compromise cannot complain that the resulting scope is disproportionate. *See In re Heparin Prods. Liab. Litig.*, 273 F.R.D. 399, 410–11 (N.D. Ohio 2011) (finding a party's failure to propose possible alternatives improper even where the other party's discovery request was potentially overbroad and poorly drafted).

[7] BCBSA joined the motion to compel only as to the deposition notices, which were jointly issued by Defendants. For simplicity, when discussing both documents and deposition testimony, we use "Defendants."

options, met one-on-one with BCBSM's senior account executive, and was the lone stakeholder questioning "whether the BCBSM rates are competitive." (ECF No. 71, PageID.4310–12.)[8] Ms. McBride is the source of unique information on why, despite Ford's claims that it is overpaying, it has continued, over and over again, to select—and increase its use of—BCBSM for its employees' primary health insurance plan.

The MTC Order devotes one paragraph to the merits of Defendants' requested discovery and denies it "for the reasons stated on the record." (ECF No. 90, PageID.11900.) On the record, the Court stated that it may have agreed that Ms. McBride's documents should have been produced, but that Ms. McBride's conflict of interest was "apparent" and thus compelling her deposition testimony was not so essential to disregard that conflict. (ECF No. 91, PageID.11953–54, at 11953:15–54:7.) The only explanation of Ms. McBride's "conflict of interest" stated on the record is that she is a member of BCBSM's board of directors and a Ford employee, but, like Ford, the Court cited no authority for why that dual role prevents discovery of relevant, contemporaneous evidence and truthful testimony. (*Id.*, PageID.11920, at 11920:6–22.)

---

[8] *See also* ECF No. 71-36, PageID.4664, FORD_BCBSMich 000307485; ECF No. 71-39, PageID.4682, FORD_BCBSMich 000309062; ECF No. 71-34, PageID.4658, De Haan Tr. 27:16–22; ECF No. 71-37, PageID.4670–75, Lapinski Tr. at 35:25–36:18, 49:25–50:8, 87:24–88:25; ECF No. 71-38, PageID.4678–79, Lieberman Tr. 106:5–107:1; ECF No. 71-40, PageID.4688, Andonian Tr. 17:8–22.

Ms. McBride's dual role is not a bar to her testimony. Neither Ford nor the MTC Order has explained how Ms. McBride's dual role is, factually or legally, a bar to her testifying truthfully as a Rule 30(b)(1) fact witness about matters within her personal knowledge, and neither cited any case, statute, or ethics rule that bars such testimony. (ECF No. 74, PageID.4976–81; ECF No. 90, PageID.11898–900.) In any event, courts permit discovery into a witness's potential conflict rather than treating it as a complete shield to discovery. *See Jones v. Allen*, 933 F. Supp. 2d 1020, 1024–25 (S.D. Ohio 2013); *Johnson v. Conn. Gen. Life Ins. Co.*, 324 F. App'x 459, 466–67 (6th Cir. 2009).

As stated on the record, Ms. McBride possesses relevant, unique information, such that her documents should have been produced. Ms. McBride's documents are undeniably relevant to this action, and Defendants seek her testimony, along with her documents, to explain what those documents contain and any decision making or facts that do not appear in the documents but that Ms. McBride has in her personal knowledge. Ford has repeatedly stated that Ms. McBride is duplicative, but Defendants' review of Ford's production—which was only complete in March—made it clear Ms. McBride is a critical custodian and witness. Defendants have no other source about Ms. McBride's own impressions or conversations with senior executives, and that testimony is essential.

There is no legal basis for precluding the production of Ms. McBride's documents and her testimony. The Court acknowledged that Ms. McBride's documents are relevant, and Ford failed to ever seek a protective order for her

properly noticed deposition, which should be the end of the inquiry.[9] These circumstances mandate the production of Ms. McBride's documents and testimony. The MTC Order's contrary ruling should be modified.

### C. Defendants are Entitled to Post-2023 Documents Because Their Relevance Was Acknowledged.

The MTC Order erred in denying BCBSM discovery into Ford's post-2023 health product decision making. As set out in Defendants' motion to compel, BCBSM seeks documents about Ford's more recent decisions to reduce the number of alternative health plans it offers and consolidate even more of Ford's employees in health plans administered by BCBSM. BCBSM expects this discovery will show that, had Ford decided to consolidate its business sooner, it would have spent less on its employees' health benefits, thus lowering Ford's alleged damages. In addition, Ford's expert posits that the post-2019 period has different conditions than the preceding period. (ECF No. 71, PageID.4303.) BCBSM is therefore entitled to discovery into Ford's 2025 decision, amidst supposedly changed market conditions, to select BCBSM because it offers the best value product—just as Ford has done for decades. (*Id.*)

---

[9] Ford's failure to move for a protective order alone is sufficient grounds to compel Ms. McBride to appear for her duly noticed deposition. *See* Fed. R. Civ. P. 37(d); *EMW Women's Surgical Ctr. v. Friedlander*, 978 F.3d 418, 446–47 (6th Cir. 2020) (a pending motion for a protective order is "merely a necessary condition" for excusing a non-appearance at deposition, not a sufficient one), *abrogated on other grounds by Dobbs v. Jackson Women's Health Org.*, 597 U.S. 215 (2022). Ford acknowledged that it had not sought a protective order because it was awaiting the Court's guidance. ECF No. 71-33, PageID.4653, BCBSM Letter to Ford (June 26, 2026).

At the hearing, the Court denied this discovery as a "sideshow" and stated that BCBSM's arguments could be made without "all the discussions and [] deliberations." (ECF No. 91, PageID.11954, at 11954:8–15.) However, the Court acknowledged that the core information sought "the question of why Ford decided to contract with Blue Cross is relevant." (*Id.* at PageID.11936, at 11936:13–14.) In light of the recognition of the relevance of the discovery and the lack of showing of disproportionate burden by Ford, BCBSM is entitled to the *facts* in Ford's possession that support BCBSM's position and the discovery should have been ordered to be produced. Once discovery is shown to be relevant, the party resisting bears the burden of showing why it should not be produced. *Heid*, 2021 WL 1206525, at *2. Instead, the Court improperly placed that burden on BCBSM.

Regardless, the record falls woefully short of establishing that Ford's claimed burden outweighs the benefit of the discovery to BCBSM. Ford argues that compliance with the discovery sought would be costly and time-intensive but avoids providing a dollar estimate. Even accepting Ford's claim of 2,500 hours for the full scope of requested discovery, and applying the prevailing market rate of $50 per hour for contract document review, the likely cost for the additional review is under $130,000—less than 0.13% of the pre-trebling damages sought by Ford. (ECF No. 74, PageID.4984–85.) Plus, Ford failed to negotiate the scope of these requests and does not now get to claim the scope is too burdensome.

Because the post-2023 documents were acknowledged to be relevant, and Ford cannot show that it is disproportionate or overly burdensome, the MTC Order's denial of post-2023 documents is clearly erroneous and contrary to law. Further, under *de novo* review, this Court should find them relevant and proportional. The MTC Order's contrary ruling should be modified.

**D. Defendants are Entitled to Depose Ford's Remaining Trial Witnesses Under Rule 30(a)(2).**

The MTC Order erred in denying Defendants leave to depose five individuals on Ford's witness list because the MTC Order failed to apply the Rule 30(a)(2) standard. Applying that standard would have entitled Defendants to a modest expansion of the deposition limit to take the depositions of the five remaining individuals on Ford's trial witness list. The MTC Order's failure to apply the governing standard is clearly erroneous and contrary to law, and should also be modified under *de novo* review.

As set out in Defendants' motion to compel, these circumstances are the result of Ford's unfair attempt to leverage Rule 30's default ten-deposition limit to hamstring Defendants' ability to adequately defend themselves at a trial in a case in which Ford is seeking over $100 million before trebling. Ford identified ten individuals on its witness list—the maximum number of possible depositions under the default rule—including witnesses who, on Defendants' review, are not obviously important. (Ford's Expert and Lay Witness List, ECF No. 58, PageID.3734–35.) Then, after Defendants issued notices for depositions to all

the witnesses on Ford's witness list as well as witnesses critical to Defendants' defenses, Ford refused to consider any expansion of the deposition limit or even any compromise. This left Defendants with an untenable choice—face surprise at trial or forego testimony from relevant non-Ford selected witnesses. (ECF No. 71-21, PageID.4527, Ford Letter to BCBSM (Mar. 4, 2026); ECF No. 71-32, PageID.4650, Joint Submission to Court (Mar. 13, 2026).)

In the end, Ford failed even to produce the ten deponents to whom Defendants are automatically entitled under the rules. Defendants have only taken eight depositions in this case—and yet Ford has refused to produce any of its five remaining trial witnesses solely on the ground that doing so would exceed the default ten-deposition limit. (ECF No. 71, PageID.4307; ECF No. 71-21, PageID.4527, Ford Letter to BCBSM (Mar. 4, 2026).)

To avoid surprise at trial, Defendants are entitled to depose the remaining five Ford employees Ford intends to call as trial witnesses. The MTC Order conducted no substantive analysis specific to these five witnesses. (ECF No. 90, PageID.11898–901). At the hearing, the issue was addressed only on diligence grounds. (ECF No. 91, PageID.11955, at 11955:9–11 ("there's no reason to wait until the middle of March to seek to produce more witnesses for depositions").) As explained above, Defendants sought these depositions in March because it was only then that Defendants finally had Ford's complete document production and confirmation from Ford that it would not remove these five individuals from

its witness list. (ECF No. 71-22, PageID.4533, Ford Email to BCBSM (Mar. 6, 2026); ECF No. 71-23, PageID.4539, BCBSM Letter to Ford (Mar. 9, 2026).)

Placing a witness on a trial witness list is an acknowledgment that the witness has relevant information, and "leave to depose witnesses identified on the opposing party's witness list should be liberally granted." *See Vasquez v. Ind. Univ. Health*, No. 1:21-cv-01693, 2023 WL 4466382, at *2 (S.D. Ind. July 10, 2023). Denying Defendants' motion in its entirety forces Defendants to face Ford witnesses at trial whom they had no opportunity to depose, in a case seeking more than $100 million in damages before trebling, and deprives Defendants of two depositions to which they are entitled even under the default rule.

Defendants' request is a measured one that imposes no burden on the schedule or Ford at this time. It is conditional—Defendants seek these depositions only if the witnesses remain on Ford's trial witness list, and Defendants offered to defer them until Ford decides whether these witnesses will testify. (ECF No. 71-23, PageID.4539, BCBSM Letter to Ford (Mar. 9, 2026).) Because the requested depositions are relevant, proportional, and consistent with Rule 26(b)(1) and (2), Rule 30(a)(2) required leave to be granted. The MTC Order's contrary ruling should be modified because it is clearly erroneous, contrary to law, and when independently reviewed *de novo* this Court should find that leave should be granted.

## CONCLUSION

Accordingly, Defendants respectfully request that the Court modify the MTC Order to (1) compel Ford to produce Ms. McBride's custodial documents and to produce Ms. McBride for deposition[10]; (2) compel Ford to produce documents responsive to RFP No. 53; and (3) grant Defendants leave to depose, before trial, any of the five remaining Ford employees on Ford's witness list who remains on Ford's final trial witness list.

Dated: November 9, 2026

Respectfully submitted,

CRAVATH, SWAINE & MOORE LLP
By: /s/ *Karin A. DeMasi*
Karin A. DeMasi (*Adm. in E.D. MI.*, NY Bar 2831303)
Lauren R. Kennedy (*Adm. in E.D. MI.*, NY Bar 4932851)
Hannah L. Dwyer (*Adm. in E.D. MI.*, NY Bar 5711841)
Two Manhattan West
375 Ninth Avenue
New York, NY 10001
(212) 474-1000
kdemasi@cravath.com
lkennedy@cravath.com
hdwyer@cravath.com

SCHENK & BRUETSCH PLC
Brian C. Summerfield (P57514)
211 West Fort Street
Suite 1410

BODMAN PLC

By: */s/ Alexandra C. Markel*
Alexandra C. Markel (P81705)
Sarah L. Cylkowski (P75952)
1901 St. Antoine Street
6th Floor at Ford Field
Detroit, MI 48226
(313) 393-7511
amarkel@bodmanlaw.com
scylkowski@bodmanlaw.com

ALLEN OVERY SHEARMAN STERLING US LLP
Todd M. Stenerson (P51953)
Brian C. Hauser (*Adm. in E.D. MI*, D.C. Bar 1024406)
1101 New York Avenue, NW
Washington, D.C. 20005
(202) 508-8000
todd.stenerson@aoshearman.com

[10] In the alternative, Defendants request that the Court compel production of Ms. McBride's custodial documents now, with leave to renew the request for her deposition after review of her documents to further show the need for it.

Detroit, MI 48226
(313) 774-1000
brian.summerfield@sbdetroit.com

*Attorneys for Defendant Blue Cross Blue Shield Association*

brian.hauser@aoshearman.com

Rachel Mossman Zieminski (*Adm. in E.D. MI*, TX Bar 24131967)
2601 Olive Street, Suite 1700
Dallas, TX 75201
(214) 271-5777
rachel.zieminski@aoshearman.com

Susan Loeb (*Adm. in E.D. MI,* NY Bar 5570940)
Sophie Copenhaver (*Adm. in E.D. MI*, NY Bar 6004766)
599 Lexington Avenue
New York, NY 10022-6069

(212) 848-4000
susan.loeb@aoshearman.com
sophie.copenhaver@aoshearman.com

*Attorneys for Defendant Blue Cross Blue Shield of Michigan Mutual Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on November 9, 2026, I caused the foregoing document to be served via ECF on all attorneys of record and electronically filed with the Clerk of the U. S. District Court for the Eastern District of Michigan. I declare under penalty of perjury that the foregoing statements are true and correct.

By: *__/s/ Alexandra C. Markel__*
1901 St. Antoine Street
6th Floor at Ford Field
Detroit, MI 48226
(313) 393-7511
amarkel@bodmanlaw.com

*Attorney for Defendant Blue Cross Blue Shield of Michigan Mutual Insurance Company*