**UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| FORD MOTOR COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>BLUE CROSS BLUE SHIELD OF MICHIGAN MUTAL INSURANCE COMPANY,<br><br>and<br><br>THE BLUE CROSS BLUE SHIELD ASSOCIATION,<br><br>Defendants. | Case No. 23-cv-11286<br><br>Hon. Linda V. Parker<br><br>Mag. Elizabeth A. Stafford |

**NON-PARTY HUMANA INC.'S MOTION TO MAINTAIN LIMITED INFORMATION UNDER SEAL**

Pursuant to E.D. Mich. Local Rule 5.3(b), non-party Humana Inc. ("Humana") moves for leave to maintain under seal quotations from a confidential internal business presentation that appear in footnotes 299 and 300 of the expert report of Dr. Celeste Saravia (ECF Nos. 86-38, 87-4) and footnote 80 to the expert report of Dr. Erin Trish (ECF Nos. 86-49, 87-7). In support of this Motion, Humana relies on the incorporated Brief in Support and the attached Declaration of John Littig.

In accordance with E.D. Mich. Local Rule 7.1(a), counsel for Humana requested the concurrence of counsel for Plaintiff Ford Motor Company and Defendants Blue Cross Blue Shield of Michigan Mutual Insurance Company and Blue Cross Blue Shield Association in the relief sought. Plaintiff and Defendants do not oppose the relief sought.

Unredacted copies of the Saravia and Trish expert reports have been previously provided to the Court by Defendants. (ECF Nos. 86-38, 86-49, 87-4, 87-7.) The reports remain wholly under seal pursuant to Defendants' separate motion, which the Court granted. (11/9/2026 Text-Only Order.) Humana is prepared to provide the narrow excerpts containing its confidential material if the Court would like those to be provided separately.

Respectfully submitted,

By: */s/ Kimberly L. Scott*

Kimberly L. Scott (P69706)
MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
101 North Main, 7th Floor
Ann Arbor, MI 48104
(734) 668-7696
Scott@millercanfield.com
*Attorneys for Non-Party Humana, Inc.*

Dated: November 19, 2026

**UNITED STATES DISTRICT COURT FOR**
**THE EASTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| FORD MOTOR COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>BLUE CROSS BLUE SHIELD OF MICHIGAN MUTAL INSURANCE COMPANY,<br><br>and<br><br>THE BLUE CROSS BLUE SHIELD ASSOCIATION,<br><br>Defendants. | Case No. 23-cv-11286<br><br>Hon. Linda V. Parker<br><br>Mag. Elizabeth A. Stafford |

**BRIEF IN SUPPORT OF NON-PARTY HUMANA INC.'S MOTION TO MAINTAIN LIMITED INFORMATION UNDER SEAL**

## STATEMENT OF THE ISSUE PRESENTED

1. Whether the Court should maintain under seal and permit limited redactions to portions of Defendants' expert reports that quote from non-party Humana Inc.'s confidential internal business analysis of the competitive market and pricing, where disclosure would harm Humana's competitive standing and the request is narrowly tailored?

Non-party Humana's Answer: Yes.

Plaintiff's Answer: Unopposed.

Defendants' Answer: Unopposed.

# CONTROLLING OR MOST APPROPRIATE AUTHORITIES

Fed. R. Civ. P. 5.2(d)

Fed. R. Civ. P. 26(c)(1)

E.D. Mich. L.R. 5.3(b)

*Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299 (6th Cir. 2016)

*Consumers Energy Co. v. Toshiba Am. Energy Sys. Corp.*, No. 22-10847, 2025 WL 2428883 (E.D. Mich. Apr. 14, 2025)

*In re Gen. Motors Air Conditioning Mktg. & Sales Pracs. Litig.*, No. 18-md-02818, 2023 WL 319922 (E.D. Mich. Jan. 19, 2023)

## INTRODUCTION

Humana Inc. ("Humana") is not a party to this action. In response to a subpoena, Humana produced certain documents as Confidential—Outside Counsel Only pursuant to the parties' Protective Order in this case (ECF No. 52). At issue here is a single page of a confidential internal business presentation (HUMANA_FORD_000018–41 at 24, the "Humana Presentation") and two lines from a transcript of the deposition of Humana Vice President John Littig, in which language from the Humana Presentation was read into the record (the "Littig Transcript"). These materials are quoted at footnotes 299 and 300 of the expert report of Dr. Celeste Saravia (ECF Nos. 86-38, 87-4) and footnote 80 to the expert report of Dr. Erin Trish (ECF Nos. 86-49, 87-7), which Defendants filed in support of their summary judgment and Daubert motions.

The Humana Presentation was confidentially given to Humana's Board of Directors. It reflects Humana's internal analysis of the competitive market and of Humana's pricing and costs. Defendants' expert reports quote financial metrics from the Humana Presentation, directly and through the reading of it into the Littig Transcript. Humana asks only that those three footnotes be redacted from the public record. Public disclosure would give Humana's competitors a view into Humana's internal market assessments and pricing, harming Humana's competitive standing.

The Saravia and Trish expert reports have been sealed in their entirety, for

other reasons, upon Defendants' motion. (11/9/2026 Text-Only Order.) Humana requests that the Court grant this motion, ensuring that Humana's Confidential—Outside Counsel Only material will remain under seal irrespective of any subsequent modification, unsealing, or lifting of the existing sealing order.

## STANDARD OF REVIEW

A court may grant a motion to seal "upon a finding of a compelling reason why certain documents or portions thereof should be sealed." E.D. Mich. L.R. 5.3(b)(3)(B)(i). Sealing is proper upon a showing of: "(1) a compelling interest in sealing the records; (2) that the interest in sealing outweighs the public's interest in accessing the records; and (3) that the request is narrowly tailored." *In re Gen. Motors Air Conditioning Mktg. & Sales Pracs. Litig.*, No. 18-md-02818, 2023 WL 319922, at *2 (E.D. Mich. Jan. 19, 2023) (quoting *Kondash v. Kia Motors Am., Inc.*, 767 F. App'x 635, 637 (6th Cir. 2019)). Sealing is warranted where "public access would reveal legitimate trade secrets, a recognized exception to the right of public access to judicial records." *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983).

## ARGUMENT

### A. Index of Material Proposed for Sealing (L.R. 5.3(b)(3)(A)(i), (iii))

| **Document/Material for Sealing** | **Any Objections** | **Confidentiality Designation Pursuant to Protective Order** |
|---|---|---|
| Saravia Report (ECF Nos. 86-38, 87-4), at page 107, footnote 299 – quoting the Humana Presentation at p. 24 | No objections; sealing is unopposed | Designated as Confidential—Outside Counsel Only by non-party Humana |
| Saravia Report (ECF Nos. 86-38, 87-4), at page 107, footnote 300 – quoting a question in the Littig Transcript, which quoted from the Humana Presentation at p. 24 | No objections; sealing is unopposed | Designated as Confidential—Outside Counsel Only by non-party Humana |
| Trish Report (ECF Nos. 86-49, 87-7), at page 30, footnote 80 – quoting the Humana Presentation at p. 24 | No objections; sealing is unopposed | Designated as Confidential—Outside Counsel Only by non-party Humana |

### B. Sealing Satisfies Controlling Authority (L.R. 5.3(b)(3)(A)(iv))

The Humana Presentation was delivered confidentially to Humana's Board of Directors. (Littig Decl., ¶ 3.) It was not distributed beyond a small group of directors and executives who used the information to make strategic business decisions. (*Id.*) The information quoted from the Humana Presentation is an internal, confidential analysis of Humana's growth, pricing, and costs. (*Id.*) The quoted lines of the Littig Transcript read into the record a competitively sensitive pricing metric from the Humana Presentation. (*Id.* at ¶ 4.) Public disclosure would allow Humana's competitors to use this information to their advantage and could harm Humana's competitive standing as to the products it continues to offer. (*Id.* at ¶ 5.)

***Humana has a compelling interest in sealing.*** "[P]arties have a compelling interest in sealing documents that might harm a litigant's competitive standing and/or reveal internal strategy to a party's competitors." *Consumers Energy Co. v. Toshiba Am. Energy Sys. Corp.*, No. 22-10847, 2025 WL 2428883, at *2 (E.D. Mich. Apr. 14, 2025) (cleaned up). "This is particularly true given that the confidential information at issue belongs to a third-party who is not before the court." *Id.* Courts routinely seal "pricing strategy," "sales trends and analysis," and "strategic business plans." *Id.* at *4 (sealing pricing and cost information); *see also In re General Motors*, 2023 WL 319922, at *3–4 (sealing excerpts of internal business presentations reflecting "internal, confidential . . . processes"). The quoted Humana material falls squarely within these categories. Humana has a compelling business interest in keeping it under seal.

***Humana's interest outweighs the public's interest in access.*** The public has "a lesser interest in [non-party Humana's] internal financial information," which "is not necessary for the public to understand any alleged wrongdoing in this case." *In re Gen. Motors*, 2023 WL 319922, at *4 (citation omitted); *see also Consumers Energy*, 2025 WL 2428883, at *2 (non-party's interest in confidential information "is greater than the public's interest in access"). The three quotations of Humana's confidential material appear only in footnotes to expert reports that were filed as exhibits to legal motions. Humana does not request sealing of any language within

the motions themselves, nor sealing of any text appearing in the body of the expert reports. The footnote quotations are not necessary to understand the arguments in this case. Moreover, the public has little interest in a denial of Humana's sealing motion because the material has already been sealed for other reasons and will not be made publicly available. (11/9/2026 Text-Only Order.)

***The request is narrowly tailored.*** Humana seeks to redact only three footnote quotations drawn from a single page of the Humana Presentation, leaving the remainder of both expert reports unaffected by its request. This was after parsing the material filed in this case and agreeing that a separate Humana document may be unsealed. Courts approve such targeted redactions. *See In re Gen. Motors*, 2023 WL 319922, at *3 (approving isolated redactions to lengthy presentations); *Consumers Energy*, 2025 WL 2428883, at *2 (redactions that "do not excise more than necessary" and "will not prevent the public from understanding or evaluating the evidence" are narrowly tailored).

## CONCLUSION

For the foregoing reasons, Humana respectfully requests that the Court grant this Motion and order that its information quoted in footnote 80 of the Trish Report and footnotes 299 and 300 of the Saravia Report remain redacted on the public docket.

Respectfully submitted,

By: */s/ Kimberly L. Scott*

Kimberly L. Scott (P69706)
MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
101 North Main, 7th Floor
Ann Arbor, MI 48104
(734) 668-7696
Scott@millercanfield.com
*Attorneys for Non-Party Humana, Inc.*

Dated: November 19, 2026

## CERTIFICATE OF SERVICE

I hereby certify that on November 19, 2026, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel of record.

By: */s/ Kimberly L. Scott*