**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| FORD MOTOR COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>BLUE CROSS BLUE SHIELD OF MICHIGAN MUTUAL INSURANCE COMPANY,<br><br>and<br><br>THE BLUE CROSS BLUE SHIELD ASSOCIATION,<br><br>Defendants. | Civil Action No. 2:23-cv-11286<br><br>Hon. Linda V. Parker<br>United States District Judge<br><br>Hon. Elizabeth A. Stafford<br>United States Magistrate Judge |

**PLAINTIFF FORD MOTOR COMPANY'S OPPOSITION TO DEFENDANTS' OBJECTION TO ORDER DENYING DEFENDANTS' MOTION TO COMPEL AND FOR LEAVE TO TAKE ADDITIONAL DEPOSITIONS (ECF NOS. 90 & 95)**

Plaintiff Ford Motor Company ("Ford") submits this response in opposition to Defendants Blue Cross Blue Shield of Michigan Mutual Insurance Company ("BCBSM") and Blue Cross Blue Shield Association ("BCBSA") (together, "Defendants'") Objection (ECF No. 95) to Magistrate Judge Stafford's October 26, 2026, Order Denying their Motion to Compel and for Leave to Take Additional Depositions (ECF No. 90) (the "Order"). For the reasons set forth in the

accompanying brief, Ford respectfully requests that the Court overrule the Objection and affirm the Order in its entirety.

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................ iii

STATEMENT OF ISSUES PRESENTED ........................................................... v

CONTROLLING OR MOST APPROPRIATE AUTHORITY .......................... vi

INTRODUCTION ................................................................................................ 1

STATEMENT OF FACTS AND PROCEDURAL HISTORY ........................... 2

A. Ford Stated Its Position on Each Disputed Category of Discovery Long Before Fact Discovery Closed. ................................................ 2

B. Discovery Closed on March 31, 2026, and Defendants Never Moved to Extend It. ............................................................................ 4

C. The Parties' Post-Discovery Closure Briefing. ................................... 5

D. The October 22, 2026 Hearing and the Court's October 26, 2026 Order. ............................................................................................. 6

STANDARD OF REVIEW .................................................................................. 7

ARGUMENT ........................................................................................................ 9

A. The Order's Timeliness Ruling Is an Independent and Sufficient Basis for Denial, and It Is Neither Clearly Erroneous Nor Contrary to Law. ............................................................................................... 9

1. The Magistrate Judge Correctly Applied Pittman and Hall ............ 9

2. Judge Parker's Grant of Leave to File Did Not Modify the Scheduling Order or Excuse Defendants' Lack of Diligence. ....... 11

3. The Waiver Finding is Correct. ..................................................... 12

4. Judge The Record Amply Supports the Finding That Defendants Were Not Diligent. ........................................................................ 14

5. Reopening Discovery Would Prejudice Ford and Disrupt the Schedule. ...................................................................................... 16

B. The Magistrate Judge's Alternative Merits Ruling Is Neither Clearly Erroneous Nor Contrary to Law ........ 17

1. The Order Did Not Apply an Erroneous Legal Standard........ 17

2. The Ruling on Ms. McBride Was a Proper Exercise of Discretion. ........ 19

3. The Denial of Post-2023 Discovery (RFP No. 53) Was Correct. .. 21

4. The Denial of Leave to Take Five Additional Depositions Was a Proper Application of Rule 30(a)(2). ........ 23

C. The Result Would be the Same Under De Novo Review. ........ 25

CONCLUSION ........ 25

CERTIFICATE OF SERVICE ........ 27

# TABLE OF AUTHORITIES

## Federal Cases

*Anderson v. City of Bessemer City*, 470 U.S. 564 (1985)........................................8

*EMW Women's Surgical Center v. Friedlander*, 978 F.3d 418 (6th Cir. 2020) ........................................................................................................21

*Hall v. Navarre*, 118 F.4th 749 (6th Cir. 2024) ............................................ passim

*Heid v. Mohr*, No. 2:18-cv-311, 2021 WL 1206525 (S.D. Ohio Mar. 31, 2021) ........................................................................................................18

*Heights Cmty. Cong. v. Hilltop Realty, Inc.*, 774 F.2d 135 (6th Cir. 1985) ........................................................................................................8

*Helena Agri-Enters., LLC v. Great Lakes Grain, LLC*, 988 F.3d 260 (6th Cir. 2021)...........................................................................................23

*House v. City of Howell*, No. 20-cv-10203, 2022 WL 287923, at *2 (E.D. Mich. Jan. 31, 2022)...............................................................................9

*In re Chrysler Pacifica Fire Recall Products Liability Litigation*, 737 F. Supp. 3d 611 (E.D. Mich. 2024)..........................................................................18

*In re Heparin Products Liability Litigation*, 273 F.R.D. 399 (N.D. Ohio 2011) ........................................................................................................23

*Inge v. Rock Fin. Corp.*, 281 F.3d 613 (6th Cir. 2002)......................... vi, 10, 16, 25

*Johnson v. Conn. Gen. Life Ins. Co.*, 324 F. App'x 459 (6th Cir. 2009)................21

*Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604 (9th Cir. 1992)..................16

*Jones v. Allen*, 933 F. Supp. 2d 1020 (S.D. Ohio 2013).........................................21

*Langenfeld v. Armstrong World Industries, Inc.*, 299 F.R.D. 547 (S.D. Ohio 2014) ..............................................................................................18

*Lavado v. Keohane*, 992 F.2d 601 (6th Cir. 1993) ...................................... vi, 8, 19

*Leary v. Daeschner*, 349 F.3d 888 (6th Cir. 2003)........................................ 10, 25

*Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389 (6th Cir. 1998)...............................22

*McPherson v. Kelsey*, 125 F.3d 989 (6th Cir. 1997) ..............................................13

*Murr v. United States*, 200 F.3d 895 (6th Cir. 2000).............................................21

*Pittman v. Experian Info. Sols., Inc.*, 901 F.3d 619 (6th Cir. 2018)................ passim

*Pogue v. NorthWestern Mutual Life Insurance Co.*, No. 3:14-CV-598-CRS, 2017 WL 3044763 (W.D. Ky. July 18, 2017) .......... 15, 21

*Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367 (6th Cir. 1998) .......... 12

*United States v. Curtis*, 237 F.3d 598 (6th Cir. 2001) .......... 8

*Vasquez v. Indiana University Health*, No. 1:21-cv-01693, 2023 WL 4466382 (S.D. Ind. July 10, 2023) .......... 24

**State Cases**

28 U.S.C. § 636(b)(1)(A) .......... v, vi, 8

**Federal Statutes**

Fed. R. Civ. P. 16(b)(4) .......... passim

Fed. R. Civ. P. 26(b)(1) .......... passim

Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2015 amendment. .......... 18

Fed. R. Civ. P. 26(b)(2)(C) .......... vi, 23, 25

Fed. R. Civ. P. 26(b)(2)(C)(i) .......... 20

Fed. R. Civ. P. 26(b)(2)(C)(ii) .......... 23

Fed. R. Civ. P. 30(a)(2) .......... v, vi, 23

Fed. R. Civ. P. 30(b)(6) .......... 19

Fed. R. Civ. P. 37(d) .......... 21

Fed. R. Civ. P. 72(a) .......... vi, 8

## STATEMENT OF ISSUES PRESENTED

1. Is the Order—a ruling on non-dispositive discovery motions entered under 28 U.S.C. § 636(b)(1)(A)—reviewed for clear error or legal error under Federal Rule of Civil Procedure 72(a), and should it be affirmed under any standard of review?

Ford answers: **Yes**.

2. Did the Magistrate Judge clearly err or act contrary to law in denying as untimely a motion to compel filed four months after the close of fact discovery, where Defendants knew of each dispute long before the deadline, never moved to modify the scheduling order under Rule 16(b)(4), and did not address untimeliness in their reply?

Ford answers: **No**.

3. Did the Magistrate Judge clearly err or act contrary to law in finding, in the alternative, that the discovery sought from Demmy McBride in response to Request for Production No. 53 was not warranted under Rule 26(b)(1)?

Ford answers: **No**.

4. Did the Magistrate Judge abuse her discretion in denying leave under Rule 30(a)(2) to take five depositions beyond the presumptive limit of witnesses whose identities Defendants knew since 2024?

Ford answers: **No**.

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

28 U.S.C. § 636(b)(1)(A)

Fed. R. Civ. P. 16(b)(4), 26(b)(1), 26(b)(2)(C), 30(a)(2), 72(a)

*Pittman v. Experian Info. Sols., Inc.*, 901 F.3d 619 (6th Cir. 2018)

*Hall v. Navarre*, 118 F.4th 749 (6th Cir. 2024)

*Inge v. Rock Fin. Corp.*, 281 F.3d 613 (6th Cir. 2002)

*Lavado v. Keohane*, 992 F.2d 601 (6th Cir. 1993)

# I. INTRODUCTION

Fact discovery in this case closed on March 31, 2026. Defendants did not file their Motion to Compel until August 6, 2026 (ECF Nos. 70, 71, 75) ("Defendants' Motion")—four months later—and never asked the Court to modify the scheduling order; nor did they—or can they—establish the requisite "good cause." Following years of exhaustive discovery, every dispute in Defendants' Motion had been on the table for many months, and in most cases for well over a year: Ford raised Ms. McBride's conflict serving dual roles as a Ford executive and sitting BCBSM director no later than October 2024; Ford stated its objection to post-2023 discovery in December 2024; and in July 2024 Ford identified by name four of the five witnesses from whom Defendants now seek untimely depositions. After careful consideration of the Parties' submissions and hearing oral argument, Magistrate Judge Stafford denied Defendants' Motion "primarily because of the lack of diligence," and found in the alternative that Defendants had not justified the discovery under Rule 26(b)(1). (ECF No. 90, PageID.11898–900; **Exhibit A**, ECF No. 91, October 22, 2026, Hearing Transcript at p. 49).

The Objection does not establish the ruling as clearly erroneous or contrary to law. On timeliness, Defendants assert because Judge Parker's practice guidelines require leave before a discovery motion is filed, their March 13, 2026, request for leave insulated a motion filed four months after discovery closed. Indeed, a request

for leave to file a motion is not a motion to modify the schedule under Rule 16(b)(4). It did not toll the discovery deadline, and it did not explain why Defendants waited until two-and-a-half weeks before the deadline to raise disputes that had been set in stone since December of 2024. Defendants' counsel conceded at the hearing that adjourning the discovery cutoff "did not come up" with Judge Parker. (**Ex. A**, p. 11). Nor did Defendants even attempt to explain why these issues were not addressed with the Court in the Parties' joint stipulation to Adjourn Case Management Order Dates. (ECF No. 64). The Magistrate Judge faithfully applied binding Sixth Circuit precedent, *Pittman* and *Hall*, to a record that fits those cases squarely.

On the merits, Defendants claim the Order placed the proportionality burden on the wrong party. Read in context, it did not. The Magistrate Judge weighed a sworn, quantified burden showing against benefits Defendants could not identify, and exercised the discretion Rule 26 entrusts with her. The Objection should be overruled.

## II. STATEMENT OF FACTS AND PROCEDURAL HISTORY

### A. Ford Stated Its Position on Each Disputed Category of Discovery Long Before Fact Discovery Closed.

#### 1. *Ms. McBride*

Demmy McBride is Ford's Executive Director of U.S. Health & Welfare Benefits and also currently sits on BCBSM's Board of Directors. (ECF No. 74,

PageID.4965). When BCBSM complained in August 2024 that Ford's interrogatory answers omitted her, Ford responded that "Defendants do not get to choose who Ford identifies." (ECF No. 74-2, PageID.4993; ECF No. 74-3, PageID.5002). Ford raised the conflict created by her dual role in writing no later than October 2024, again in April 2025, and again on September 22, 2025, each time explaining that its counsel would neither discuss the case with her nor collect her documents. (ECF No. 74, PageID.4965–66). Defense counsel acknowledged that Ford "definitively" refused to produce her by October 2025. (**Ex. A**, ECF No. 91, p. 17). Defendants did not notice her deposition until February 12, 2026. (ECF No. 75, PageID.5205). The Court was equally perplexed with Defendants' position that no conflict existed for Ms. McBride in stating "the conflict of interest for her testifying, I think it is apparent." (**Ex. A**, ECF No. 91, p. 53).

*2. Post-2023 documents (RFP No. 53)*

Ford's December 18, 2024 responses limited its production to 2008 through 2023; and by Defendants' own account, "BCBSM did not initially object." (ECF No. 75, PageID.5206). BCBSM served RFP No. 53 on September 15, 2025. In January 2026, Ford confirmed that it would not seek damages after April 2021 or any injunctive relief. (*Id.* at PageID.5206–07).

3. *The five (5) additional depositions*

After the close of discovery, Defendants sought permission to depose five additional Ford witnesses (Ms. McBride, Ms. Paddock, Mr. Holland, Ms. Lemke, and Ms. Rodriguez). Ford previously identified four of the five witnesses by name in its July 26, 2024 interrogatory answers, and included all five on its May 15, 2025, witness list. (ECF No. 74-4, PageID.5010–11; ECF No. 58; ECF No. 75, PageID.5207). Defendants took eight (8) depositions, including Ford's non-party consultants Mercer and Willis Towers Watson ("WTW"), and obtained self-serving declarations from Aetna, Cigna, and United in lieu of their prior non-party subpoenas and notices of deposition that were never formally withdrawn. (ECF No. 74, PageID.4969; **Ex. A**, ECF No. 91, at pp. 48–49).

**B. Discovery Closed on March 31, 2026, and Defendants Never Moved to Extend It.**

Fact discovery closed on March 31, 2026 and Ford certified its production complete on March 6, 2026. (ECF No. 63; ECF No. 75, PageID.5205). On March 13, 2026, Defendants sought leave to file a motion to compel against Ford on issues unresolved since 2024. They did not request an extension of discovery and did not follow up until June, and thereafter in July 2026. (ECF No. 95, PageID.12436–37; **Ex. A**, ECF No. 91, p. 11); ECF No. 74, PageID.4962). Previously, in April and May 2026, the Parties stipulated to modify expert and dispositive-motion dates, but Defendants never sought to extend fact discovery. (ECF No. 74, PageID.4964; **Ex.**

**A**, ECF No. 91, pp. 6–7). Judge Parker approved the Parties' request; but extending the discovery cutoff "did not come up." (**Ex. A**, ECF No. 91, p. 11). The Court ultimately granted leave and Defendants' Motion was filed on August 6, 2026. (ECF Nos. 70, 71, 75).

**C. The Parties' Post-Discovery Closure Briefing.**

Defendants sought completion of the untimely discovery, within a three-week span in 2026, concerning Ms. McBride's documents and deposition, trademark discovery (RFP No. 51), post-2023 documents (RFP No. 53), and leave to depose five more Ford witnesses. (ECF No. 75, PageID.5191–92). BCBSA joined only as to the deposition notices. (*Id.* at PageID.5191 n.1). Defendants' brief recited the March 13 and July 23 dates but did not even attempt to explain the untimeliness. (*Id.* at PageID.5208).

Ford opposed the demands: first, that the motions were untimely and lacked good cause under Rule 16(b)(4), and second that the discovery was irrelevant, disproportionate, and cumulative. (ECF No. 74, PageID.4962–64, 4981–86). Ford's discovery counsel attested that its existing fourteen-source review took approximately 10,500 hours; that extending it to 2024–2026 would take approximately 1,750 more hours and a McBride collection approximately 750 hours; and that Defendants' three-week deadline would require some 104 full-time reviewers. (ECF No. 74-9, PageID.5115–17).

Defendants' reply did not address the untimeliness argument, and their only references to timing were an introductory sentence asserting that Ford could not "slow-walk its productions . . . and then claim that Defendants' efforts . . . are untimely," and a footnote stating that BCBSM "deferred raising these issues with the Court in February at Ford's request." (ECF No. 77, PageID.5284, 5290 & n.11). The reply did not cite Rule 16(b)(4), *Pittman*, or any case on post-deadline motions to compel.

### D. The October 22, 2026 Hearing and the Court's October 26, 2026 Order.

At the October 22, 2026 hearing, the Magistrate Judge began by asking defense counsel about the case law holding post-cutoff motions to compel untimely.[1] The Court noted Ford raised timeliness; that "your opponent does not control the schedule;" that the parties had adjourned other deadlines but not the discovery cutoff; and that dispositive motions were due the next day. (**Ex. A**, ECF No. 91, pp. 5–7). Defense counsel conceded there was no "strict legal requirement" to exhaust other depositions before pursuing Ms. McBride's deposition. (*Id.* at p. 47). Defendants conceded that there was not "any factual information that you have not been able to discover" without her for the relevant time period. (*Id.* at pp. 22–24).

[1]The Order states that the hearing was held on October 20, 2026. (ECF No. 90, PageID.11898). The transcript reflects that it was held on October 22, 2026. (**Ex. A**, ECF No. 91). However, the discrepancy is immaterial.

The Magistrate Judge denied the motions from the bench "primarily because of the lack of diligence," relying on *Pittman* and *Hall*. She found that Defendants waived any good-cause argument by not addressing timeliness in their briefing, and that additional discovery would "complicate the summary judgment process." (*Id.* at pp. 49–52, 54). She also addressed the merits. (*Id.* at pp. 52–54).

The Order holds that courts deny post-deadline motions to compel where the movant knew of the evidence before the deadline, offers no explanation for the delay, and has not moved to modify the schedule. The Court found Defendants waived any contrary argument and they knew of some of the information as early as October 2024, so that good cause under Rule 16(b)(4) could not have been shown. (ECF No. 90, PageID.11899–900). Alternatively, Defendants also failed to show the discovery should be compelled under Rule 26(b)(1), some of which "was of tenuous relevance to the central issue, whether Blue Cross violated the Sherman Act." (*Id.* at PageID.11900).

Defendants' Objection abandons the trademark request (RFP No. 51) and seeks only Ms. McBride's documents and deposition, RFP No. 53 documents, and the five Ford depositions. (ECF No. 95, PageID.12435 & n.1, 12455 & n.10).

## III. STANDARD OF REVIEW

A magistrate judge may "hear and determine any pretrial matter pending before the court," except for certain enumerated dispositive motions. 28 U.S.C. §

636(b)(1)(A). A motion to compel discovery is well within the Magistrate Judge's purview. A district judge may reconsider such a ruling only "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." *Id.*; *see* Fed. R. Civ. P. 72(a); *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). A finding is clearly erroneous only when the reviewing court "is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) (citation omitted); *see Heights Cmty. Cong. v. Hilltop Realty, Inc.*, 774 F.2d 135, 140 (6th Cir. 1985). Discovery rulings are classic matters of trial-court discretion: "[i]t is well established that the scope of discovery is within the sound discretion of the trial court." *Lavado v. Keohane*, 992 F.2d 601, 604 (6th Cir. 1993); *accord Pittman*, 901 F.3d at 642 ("District courts have broad discretion over docket control and the discovery process.").

Defendants contend that de novo review applies because, in their view, the referral order (ECF No. 76) called for a report and recommendation under § 636(b)(1)(B). (ECF No. 95, PageID.12433–34, 12437–38). The Order itself states that Judge Parker referred the motions "for hearing and determination under 28 U.S.C. § 636(b)(1)(A)." (ECF No. 90, PageID.11898 (citing ECF No. 76)). Regardless, whatever label the referral used, the motions were non-dispositive discovery motions, the kind of matter § 636(b)(1)(A) entrusts to a magistrate judge for determination. Defendants' own authority holds only that a court *may* refer such

a motion for a report and recommendation. *See House v. City of Howell*, No. 20-cv-10203, 2022 WL 287923, at *2 (E.D. Mich. Jan. 31, 2022). Defendants have, in any event, briefed their objections under the Rule 72(a) standard. (ECF No. 95, PageID.12434). The Court need not resolve the question, because the Order is correct under either standard. *See* Part III, *infra*.

## IV. ARGUMENT

### A. The Order's Timeliness Ruling Is an Independent and Sufficient Basis for Denial, and It Is Neither Clearly Erroneous Nor Contrary to Law.

The Order rests first and "primarily" on Defendants' lack of diligence. (Ex. A, ECF No. 91, p. 49). That ground alone disposes of the Objection, because it applies equally to every category of relief still sought by Defendants.

#### *1. The Magistrate Judge Correctly Applied Pittman and Hall*

The Sixth Circuit has squarely held that a district court may deny a motion to compel filed after the close of discovery. In *Pittman*, the court affirmed denial of a motion filed almost four months after the discovery deadline, where the movant had not sought to modify the scheduling order and had reason to know of the discovery before the deadline. 901 F.3d at 642–43. *Hall* reaffirmed that rule and confirmed that a party seeking relief from a scheduling order deadline must show good cause under Rule 16(b)(4). 118 F.4th at 754–55. "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case

management order's requirements." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (citation omitted); *see also Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003) (good cause exists only where a deadline "cannot reasonably be met despite the diligence of the party seeking the extension").

Each *Pittman* factor is established here. Defendants filed four months after discovery closed. (ECF No. 90, PageID.11898). They never moved to modify the scheduling order, then or since. (*Id.*; **Ex. A**, ECF No. 91, p. 49). Defendants knew of every disputed item long before the deadline. Ford's refusal to collect from or produce Ms. McBride's documents and its refusal to produce her for deposition dates back to October 2024. By defense counsel's own account, it was "definitive[]" by October 2025. (ECF No. 74, PageID.4965–66; Ex. A, ECF No. 91, p. 17). Ford's 2008 through 2023 time limitation was stated in December 2024, and Defendants did not object. (ECF No. 75, PageID.5206). Four of the five additional deponents were named in July 2024 interrogatory answers, and all five appeared on Ford's May 2025 witness list. (ECF No. 74-4, PageID.5010–11; ECF No. 75, PageID.5207).

Defendants try to distinguish *Pittman* and *Hall* on the ground that those movants never raised their disputes with the court before the deadline. (ECF No. 95, PageID.12441). Yet, the attempted distinction does not help them. The diligence inquiry asks whether the movant acted promptly once it knew of the dispute, not whether it eventually alerted the court. *Inge*, 281 F.3d at 625. Defendants sat on

disputes established in 2024 and 2025 until eighteen days before the discovery deadline and never asked the Court to extend discovery. On this record, the Magistrate Judge reasonably concluded that "[t]here's just no reason why [Defendants] could not have initiated the discovery motions much earlier." (**Ex. A**, ECF No. 91, p. 50).

### 2. *Judge Parker's Grant of Leave to File Did Not Modify the Scheduling Order or Excuse Defendants' Lack of Diligence.*

Defendants' central objection is that a motion filed with leave, on a court-set briefing schedule, cannot be untimely. (ECF No. 95, PageID.12439–41). That argument conflates the issues. Judge Parker's practice guidelines require leave before a discovery motion is filed—they do not displace Rule 16(b)(4), which permits modification of a scheduling order "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Defendants never asked for that consent, and counsel confirmed that extending the discovery cutoff "did not come up" at the July 23 conference. (Ex. A, ECF No. 91, p. 11). Nothing in the guidelines prevented Defendants from moving to extend fact discovery at any time, and they stipulated to modify other deadlines while their leave request was pending. (ECF No. 74, PageID.4964; **Ex. A**, ECF No. 91, pp. 6–7).

Nor did the grant of leave resolve the timeliness issue. Leave to file a motion permits a party to present its arguments; it does not pre-decide them. As the

Magistrate Judge explained, leave gave Defendants "the chance . . . to make the argument, but you didn't make the argument about the timeliness at all." (**Ex. A**, ECF No. 91, p. 8). Defendants do not claim Judge Parker ruled on timeliness; counsel offered only his "impression." (*Id.* at pp. 8–9). Ford raised untimeliness after leave was granted, and the Magistrate Judge was entitled to consider and rule on the issue. (ECF No. 74, PageID.4981–83). Enforcing the Court's scheduling order does not "punish[]" Defendants for following the Court's rules. (ECF No. 95, PageID.12440). It holds them to well-established standards of Rule 16, which Defendants never invoked.

3. *The Waiver Finding is Correct.*

The Court found that Defendants waived any argument that they could not have known about the evidence before the deadline, because their reply did not respond to Ford's untimeliness argument. (ECF No. 90, PageID.11899) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)). The record unequivocally supports that finding. Defendants' opening brief did not argue diligence or good cause, their procedural background recited the March 13, 2026 submission and the July 23 grant of leave without explaining the four-month gap. (ECF No. 75, PageID.5208). Ford then raised untimeliness and Rule 16(b)(4) as an independent ground for denial. (ECF No. 74, PageID.4962–64, 4981–83). In their reply, Defendants offered one introductory sentence blaming

Ford's productions and a footnote about the parties' informal February 5, 2026 target date. (ECF No. 77, PageID.5284, 5290 & n.11). Defendants cited no authority and never addressed Rule 16(b)(4), *Pittman*, or the absence of any motion to extend. "[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." *McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997) (citation omitted). Consistent with the *McPherson* ruling, the Magistrate Judge did not err by ruling the same given the clear evidentiary record here.

Defendants also say the waiver ruling "makes no sense" because they have always acknowledged that they knew of the disputes before the deadline. (ECF No. 95, PageID.12442–43). That concession illuminates the problem. Under *Pittman*, a movant's pre-deadline knowledge of the evidence is a reason to *deny* a late motion unless the movant explains why it could not act sooner. 901 F.3d at 642–43. Defendants offered no such explanation in their briefing, and the explanations they offered at the hearing did not pass the smell test. *See* Part I.D, *infra*. Regardless, the Order's alternative finding independently supports the result whether or not waiver applies. (ECF No. 90, PageID.11899).

4. *Judge The Record Amply Supports the Finding That Defendants Were Not Diligent.*

Defendants offer three reasons for their delay: (1) they did not acknowledge knowing of the disputes in 2024; (2) the disputes were not "ripe" until Ford completed its production; and (3) all disputes were before the Court before the deadline. (ECF No. 95, PageID.12443–45). None of these reasons establish clear error.

*First*, Defendants' quarrel over whether the October 2024 date "came from Ford's counsel" is beside the point. (ECF No. 95, PageID.12443). The written record shows that Ford raised the Ms. McBride conflict and its refusal to collect her documents in October 2024, April 2025, and September 2025. (ECF No. 74, PageID.4965–66). Defendants' own counsel told the Magistrate Judge that Ford definitively refused to produce her in October 2025, and the Magistrate Judge correctly observed that Defendants "could have sought leave . . . by November of 2025." (**Ex. A**, ECF No. 91, p. 17). Whether the operative date is October 2024 or October 2025, Defendants waited months and never sought an extension.

*Second*, Ford's document production did not "ripen" these disputes. Ford's objections to producing Ms. McBride, to producing post-2023 documents, and to exceeding ten depositions were principled positions from which Ford did not waiver. None of them turned on what Ford's production would show. Defendants told the Magistrate Judge that they chose to complete their other depositions first to build a

record, but counsel conceded there was "no strict legal requirement" to proceed that way. (*Id*. at pp. 18, 47). A litigant who makes a strategic choice to defer a known discovery dispute bears the consequences of that choice. Ford's unwavering position since October 2024 illustrates the point. In *Pogue v. NorthWestern Mutual Life Insurance Co.*, No. 3:14-CV-598-CRS, 2017 WL 3044763, at *6–7 (W.D. Ky. July 18, 2017), the court rejected a party's explanation that it had chosen to address document issues at a later deposition rather than move to compel. The court also rejected the argument that the resisting party had been obligated to seek a protective order. (ECF No. 74-10, PageID.5123). And even after Ford certified completion on March 6, 2026, Defendants waited five months to file their Motion. (ECF No. 75, PageID.5205).

*Third*, the fact that the Court was notified of the disputes on March 13, 2026 does not establish diligence. That email came eighteen days before the discovery deadline, did not request an extension, and was followed by months of silence. (**Ex. A**, ECF No. 91, pp. 11–12; ECF No. 74, PageID.4962). The parties' informal, self-imposed February 5, 2026 target date likewise did not modify the Court's scheduling order, as noted by the Court. (**Ex. A**, ECF No. 91, p. 50; *see* ECF No. 77, PageID.5290 n.11). "A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Johnson v.*

*Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) (cleaned up); *see* (ECF No. 90, PageID.11900).

Courts presiding over the parallel opt-out litigation have taken the same approach. Chief Judge Proctor denied the Blue defendants' motion to compel weeks before fact discovery closed, finding their claimed need undercut by their earlier positions and the discovery disruptive of the schedule. (ECF No. 74-6, PageID.5049–52; *see also* ECF No. 74-7, PageID.5068) (plaintiffs' brief describing "eleventh-hour claims of necessity").

5. *Reopening Discovery Would Prejudice Ford and Disrupt the Schedule.*

Prejudice to the non-movant is also relevant under Rule 16(b)(4). *Inge*, 281 F.3d at 625. The Magistrate Judge found that the substantial discovery sought "would disrupt the schedule" and "complicate the summary judgment process," with dispositive motions due the next day. (**Ex. A**, ECF No. 91, pp. 51–52, 54). Ford's sworn declaration supports that finding. (ECF No. 74-9, PageID.5115–17). Despite Defendants' attempt to "narrow" the untimely demands, the Objection seeks a new custodian, three more years of collection from fourteen sources, and up to six new depositions while summary-judgment briefing is under way. And the conditional deposition request, tied to a final trial witness list Ford has not yet been required to

file, would keep discovery open indefinitely. (**Ex. A**, ECF No. 91, p. 49). Ford is entitled to finality in the procedural advancement of this matter.

### B. The Magistrate Judge's Alternative Merits Ruling Is Neither Clearly Erroneous Nor Contrary to Law

Because the timeliness ruling independently supports the Order, the Court need not reach Defendants' merits objections. If it does, they also fail.

#### *1. The Order Did Not Apply an Erroneous Legal Standard.*

Defendants' lead merits argument rests on a single clause. The Order states that Defendants "sought a substantial amount of additional discovery without showing that 'the burden or expense of the proposed discovery outweighs its likely benefit,' or that the additional discovery was important for resolving the issues." (ECF No. 90, PageID.11900). Defendants read this as imposing on the movant the burden of proving its own motion; but when taken in the intended context, the Order does no such thing. (ECF No. 95, PageID.12445–46).

*First*, the Order expressly incorporates "the reasons stated on the record." (ECF No. 90, PageID.11900). That record shows the Magistrate Judge weighing Ford's sworn burden showing against the benefit Defendants claimed, repeatedly asking what "factual gap" the existing record left open. (ECF No. 74-9, PageID.5115–17; **Ex. A**, ECF No. 91, pp. 22–24). The quoted clause is most naturally read as a finding that Defendants failed to show that the likely benefit

justified the established burden—that is a proportionality finding, not a shifting of the burden of proof.

*Second*, the Order rests on two further grounds that Defendants do not challenge as legal error: (1) Defendants did not show the discovery "was important for resolving the issues," and (2) the discovery sought "was of tenuous relevance to the central issue, whether [Defendants] violated the Sherman Act." (ECF No. 90, PageID.11900). Under the 2015 Advisory Committee Note, a "party claiming that a request is important to resolve the issues should be able to explain the ways in which the underlying information bears on the issues as that party understands them." Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2015 amendment. The same Note, which Defendants cite, confirms that the 2015 amendment did not place the entire proportionality burden on either side. *Id.*

*Third*, Defendants' authorities do not show otherwise. *Heid v. Mohr* describes the familiar sequence in which the movant shows relevance and the resisting party then shows burden. No. 2:18-cv-311, 2021 WL 1206525, at *2 (S.D. Ohio Mar. 31, 2021). Ford carried any burden that sequence imposed, with a sworn declaration rather than "boilerplate" assertions. (ECF No. 74-9, PageID.5115–17). In *In re Chrysler Pacifica Fire Recall Products Liability Litigation*, 737 F. Supp. 3d 611, 615–16 (E.D. Mich. 2024), and *Langenfeld v. Armstrong World Industries, Inc.*, 299 F.R.D. 547, 550, 554–55 (S.D. Ohio 2014), the magistrate judge actually applied an

erroneous legal test. Here, the Magistrate Judge applied Rule 26(b)(1)'s own factors to a developed record. Any disagreement about how those factors should be weighed is not legal error, and any imprecision in phrasing would be harmless given the independent timeliness ground. *See Lavado*, 992 F.2d at 604.

*2. The Ruling on Ms. McBride Was a Proper Exercise of Discretion.*

Defendants argue that the Magistrate Judge "acknowledged" that Ms. McBride's documents are relevant and should have been produced, and then denied them "without any further analysis." (ECF No. 95, PageID.12434–35, 12447–50). The record does not support that characterization as the Magistrate Judge said that she "may have agreed that her documents should have been produced." In the same ruling, she explained that she was denying the motions on diligence grounds and asked, "if [Defendants] thought that her testimony was so important," why it "waited until March to even begin the process." (**Ex. A**, ECF No. 91, pp. 52–53). A tentative observation about what the Court might have done on a timely motion is not a finding that the discovery must be compelled on an untimely one.

The Magistrate Judge's proportionality judgment is amply supported. Ms. McBride's two direct reports, Suzanne De Haan and Marie Catka, were designated custodians whose files were produced, including Benefits group's shared company sources. Both were deposed in their individual capacities and as Rule 30(b)(6)

designees. (ECF No. 74, PageID.4966–67, 4969). Emails Ms. McBride exchanged with her team were produced from their files. (**Ex. A**, ECF No. 91, pp. 22–23, 29). Ford witnesses testified that the contracting decisions were team decisions. (ECF No. 74, PageID.4977–78). Defendants deposed both consultants with whom she worked, Mercer and WTW. *Id.* at PageID.4969, 4978). Given that record, the Magistrate Judge asked what was missing that Defendants knew existed, and Defendants could not say with certainty. (**Ex. A**, ECF No. 91, pp. 22–24). Rule 26 directs courts to limit discovery that is "unreasonably cumulative or duplicative." Fed. R. Civ. P. 26(b)(2)(C)(i). The Magistrate Judge was well within her discretion in finding the additional custodial collection and deposition disproportionate to the needs of the case.

The Magistrate Judge also reasonably weighed Ms. McBride's conflict of interest. She is a Ford executive who simultaneously owes fiduciary duties to BCBSM as a member of its board. (ECF No. 74, PageID.4979). The Magistrate Judge found that conflict to be "apparent" and "substantive," and noted that "bias is always a . . . relevant consideration." (**Ex. A**, ECF No. 91, pp. 19–20, 53). The question under Rule 26(b)(1) is not whether such testimony is categorically barred, but whether its likely benefit justifies its burdens, including practical and ethical complications. Defendants' cases concern discovery *into* a decision-maker's conflict; they do not require a court to compel testimony from a witness who owes

fiduciary duties to both sides. *See Johnson v. Conn. Gen. Life Ins. Co.*, 324 F. App'x 459, 466–67 (6th Cir. 2009); *Jones v. Allen*, 933 F. Supp. 2d 1020, 1024–25 (S.D. Ohio 2013).

Defendants' reliance on Rule 37(d) and *EMW Women's Surgical Center v. Friedlander*, 978 F.3d 418, 446–47 (6th Cir. 2020), is misplaced. (ECF No. 95, PageID.12450 n.9). Rule 37(d) addresses sanctions for a failure to appear, but it does not require a court to compel discovery on an untimely motion. Defendants never moved for Rule 37(d) sanctions before the Magistrate Judge, and arguments not presented are not properly raised for the first time in objections. *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000). Ford's decision not to seek a protective order did not relieve Defendants of their obligation to move timely. *See Pogue*, 2017 WL 3044763, at *7.

Defendants' fallback request for Ms. McBride's documents alone fails for the same reasons. It is equally untimely, would require a new collection of approximately 750 hours, and is by its terms a prelude to additional discovery. (ECF No. 95, PageID.12455 n.10; ECF No. 74-9, PageID.5116–17).

3. *The Denial of Post-2023 Discovery (RFP No. 53) Was Correct.*

Defendants claim that the Magistrate Judge "acknowledged" the relevance of post-2023 discovery in sole reliance on her statement that "the question of why Ford decided to contract with Blue Cross is relevant." (ECF No. 95, PageID.12451)

(quoting **Ex. A**, ECF No. 91, p. 35)). The transcript shows that the statement was addressed as to the relevant period of 2008 through 2023. The Magistrate Judge immediately clarified that it was "not actually a defense to an antitrust case." Defendants' counsel then agreed that the anticompetitive-effects evidence described concerned Ford's choices "[d]uring the relevant period." (**Ex. A**, ECF No. 91, pp. 35–36). As to the post-2021 period, the Magistrate Judge found that Defendants already "have evidence" of the continuing conduct they described. The Court also found that substantial post-2021 decision-making evidence would be a "sideshow." (*Id.* at pp. 36–37).

That judgment was sound as discovery is limited to matters "relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Ford's claimed damages end in April 2021, and Ford no longer seeks injunctive relief. (ECF No. 74, PageID.4976; ECF No. 75, PageID.5206–07). The Sixth Circuit has recognized that it is proper to limit discovery to the claims and defenses actually at issue. *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998). The Magistrate Judge found that Defendants could argue Ford's continued purchases from BCBSM with existing evidence, "without hearing about all the discussions and . . . the deliberations" at Ford years after the damages period. (**Ex. A**, ECF No. 91, pp. 53–54).

Defendants' burden arithmetic does not show clear error. (ECF No. 95, PageID.12451). Their $50-per-hour estimate for contract document review appeared

for the first time in their reply brief, unsupported by any declaration. (ECF No. 77, PageID.5290). Ford's declaration, by contrast, is sworn and unrebutted. (ECF No. 74-9, PageID.5115–17). More fundamentally, proportionality is not a ratio of review of costs to damages. Rule 26(b)(1) asks whether the burden outweighs the likely benefit, and it is the court's duty "actively to manage discovery and to limit discovery that exceeds its proportional and proper bounds." *Helena Agri-Enters., LLC v. Great Lakes Grain, LLC*, 988 F.3d 260, 273 (6th Cir. 2021) (cleaned up). The Magistrate Judge found the benefit marginal, the issues collateral, and the timing disruptive.[2]

4. *The Denial of Leave to Take Five Additional Depositions Was a Proper Application of Rule 30(a)(2).*

Defendants argue that the Magistrate Judge "failed to apply the Rule 30(a)(2) standard." (ECF No. 95, PageID.12452–54). Rule 30(a)(2) requires leave "to the extent consistent with Rule 26(b)(1) and (2)," and Rule 26(b)(2)(C), in turn, directs the court to limit discovery where "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action." Fed. R. Civ. P. 26(b)(2)(C)(ii). The Magistrate Judge's finding that there was "no reason to wait until the middle of March to seek to produce more witnesses for depositions" is a

[2] *In re Heparin Products Liability Litigation*, 273 F.R.D. 399, 410–11 (N.D. Ohio 2011), does not help Defendants: Ford stated its objection at the outset, and Defendants accepted it for more than a year. (ECF No. 75, PageID.5206).

finding under that provision. (**Ex. A**, ECF No. 91, p. 54). It applies the governing standard; it does not ignore it.

The finding is well supported, as Ford identified Ms. Paddock, Mr. Holland, Ms. Lemke, and Ms. Rodriguez by name and role in July 2024. (ECF No. 74-4, PageID.5010–11). All five witnesses appeared on Ford's witness list in May 2025, nearly eleven months before discovery closed. (ECF No. 75, PageID.5207). Only Defendants dictated how to allocate their depositions, including non-party consultants; and they also chose not to use their two remaining presumptive depositions on any of these five witnesses before the deadline while more than ten (10) depositions were being pursued by Defendants. (ECF No. 74, PageID.4969). Their information falls within subjects already covered by extensive documents and testimony, so there is no risk of "surprise at trial." (**Ex. A**, ECF No. 91, p. 49).

Defendants' reliance on *Vasquez v. Indiana University Health*, No. 1:21-cv-01693, 2023 WL 4466382, at *2 (S.D. Ind. July 10, 2023), is misplaced as a non-binding, out-of-circuit decision. Even on Defendants' description, it states only that such leave "should be liberally granted." (ECF No. 95, PageID.12454). A general preference for liberal leave does not override Rule 26(b)(2)(C)(ii) or make it clear error for a magistrate judge to deny leave sought months after discovery closed. Nor are Defendants "deprive[d] . . . of two depositions to which they are entitled." *Id.* Those depositions were available throughout fact discovery, and Defendants elected

not to take them in a timely fashion while pursuing more than ten (10) depositions as of the close of discovery.

### C. The Result Would be the Same Under De Novo Review.

Even on de novo review, the result is the same. Defendants knew of every dispute well before the deadline, never moved under Rule 16(b)(4), and offered only strategic explanations for their delay. *Inge*, 281 F.3d at 625; *Leary*, 349 F.3d at 906. And the discovery they still seek is cumulative, directed to a period outside Ford's claims, unduly burdensome, and disruptive of pending summary-judgment proceedings and procedural advancement of the case. Fed. R. Civ. P. 26(b)(1), (b)(2)(C).

## V. CONCLUSION

For these reasons, Ford respectfully requests that the Court overrule Defendants' Objection (ECF No. 95) and affirm the Magistrate Judge's Order Denying Defendants' Motions to Compel and for Leave to Take Additional Depositions (ECF No. 90) in its entirety.

Dated: November 23, 2026

Respectfully submitted,

**BOWMAN AND BROOKE LLP**

/s/Brandon M. Pellegrino
Jodi Munn Schebel (P55889)
Brandon M. Pellegrino (P79112)
101 W. Big Beaver Road, Suite 1100
Troy, MI 48084
Telephone: 248.205.3300
jodi.schebel@bowmanandbrooke.com
brandon.pellegrino@bowmanandbrooke.com

**DINSMORE & SHOHL LLP**
William A. Sherman, II
801 Pennsylvania Avenue N.W.,
Suite 610
Washington, D.C. 20004
Telephone: (202) 372-9100
william.sherman@dinsmore.com

Alan H. Abes (Ohio Bar No. 0062423)
255 E. 5th Street, Suite 1900
Cincinnati, OH 45202
alan.abes@dinsmore.com

J. Travis Mihelick (P73050)
900 Wilshire Drive, Suite 300
Troy, MI 48084
travis.mihelick@dinsmore.com

*Attorneys for Plaintiff Ford Motor Company*

## CERTIFICATE OF SERVICE

I hereby certify that on November 23, 2026, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to all attorneys of record.

/s/ *Brandon M. Pellegrino*
Brandon M. Pellegrino (P79112)